(No. 19673.—

C. J. SPRINKLE, Plaintiff in Error, *vs.* THE COUNTY OF CASS, Defendant in Error.

*Opinion filed June 20, 1930—Rehearing denied October 11, 1930.*

THOMAS W. HOOPES, and OSCAR J. PUTTING, for plaintiff in error.

MYRON MILLS, State's Attorney, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

C. J. Sprinkle instituted suit in the circuit court of Cass county to recover $153.25 from that county for services rendered and mileage earned. The case was tried by the court without a jury and judgment was rendered for the defendant. The plaintiff appealed to the Appellate Court for the Third District and that court affirmed the judgment. The record is here upon a writ of *certiorari.*

During the years 1925 and 1926, Sprinkle, the plaintiff in error, was a member of the board of supervisors of Cass county. He was also a member and the chairman of the road and bridge committee of the board. The committee in conference with the county superintendent of highways believed that it would expedite the work of the committee if the supervision and inspection of work upon the State-aid roads of the county were assigned to the members of the committee severally according to routes, and the committee assigned the supervision and inspection of Route 2 and the Menard county line road to the plaintiff in error. At different times he supervised and inspected the work upon these highways and claimed compensation and mileage from the county therefor. His claim was approved by the board of supervisors, but payment was refused by the county treasurer. This suit followed.

The plaintiff in error contends that State-aid roads, until they are taken over by the Department of Public Works and Buildings, are under the control and supervision of the county boards of the several counties in which they are located, and that the character of the work performed by the plaintiff in error is required of the members of county boards. That county boards are vested with the control and supervision claimed for the time stated may be conceded, but it does not follow that the work which the plaintiff in error performed is required of supervisors or that he can be compensated for it.

Compensation for official services rendered in behalf of the State or any public corporation rests wholly upon statutory provision or authority. (*City of Decatur* v. *Vermillion,* 77 Ill. 315; *Bruner* v. *Madison County,* 111 id. 11; *May* v. *City of Chicago,* 222 id. 595; *Gathemann* v. *City of Chicago,* 263 id. 292; 1 Dillon on Mun. Corp.—5th ed.— sec. 426; 2 McQuillin on Mun. Corp.—2d ed.—sec. 544). Public officers have no claim for official services rendered except where, and to the extent that, compensation is pro-

vided by law. (*City of Decatur* v. *Vermillion, supra*). In the absence of a provision for compensation, the law deems such services to have been performed gratuitously.

The compensation of supervisors is fixed by section 39 of the Fees and Salaries act (Cahill's Stat. 1927, p. 1271; Smith's Stat. 1927, p. 1414), which provides: "Supervisors and assistant supervisors when attending the sessions of the county board of supervisors or engaged in the regular committee work of such board shall receive for their services the sum of five dollars ($5.00) per day and five cents per mile for each mile necessarily traveled in going to or from the county seat or place of committee meeting, payable out of the county treasury. Supervisors and assistant supervisors shall receive, directly or indirectly, no other allowance or emolument." The plaintiff in error claims that as a member of the road and bridge committee, he in fact attended a meeting of that committee when he alone supervised and inspected road work and was, for that reason, entitled to the per diem and mileage prescribed by section 39. No authority is found in this section for the payment of compensation to an individual member of a board of supervisors or of a road and bridge committee who, acting alone, supervised and inspected work upon highways in the county. Compensation is allowed supervisors when "engaged in the regular committee work" of the board. To entitle a supervisor to compensation, this provision contemplates a meeting of a committee of which he is a member, and not isolated individual action by the supervisor. This construction is emphasized because mileage is allowed not to or from points upon one or more highways which a supervisor may have inspected, but to or from the place where the members of the committee met for the consideration of official business, a definite place necessarily fixed before the meeting. If the contention of the plaintiff in error that his individual supervision and inspection of road work constituted attendance upon a meeting of the road and bridge commit-

tee is sound, then there would be as many road and bridge committees of the particular county board as there were members of that committee. Such a multiplication of committees would necessarily result in the payment of compensation and mileage not authorized or permitted by section 39, for that section is not only specific in those respects but it concludes with the prohibition that supervisors shall not receive, directly or indirectly, any other allowance or emolument.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*