(No. 22243.—

THE PEOPLE *ex rel.* Ruby Dennison, County Collector, Appellee, *vs.* THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellant.

*Opinion filed February 23, 1934.*

SAFFORD & SOULE, EMMET TRAINOR, and F. W. MILLER, (CHARLES H. WOODS, of counsel,) for appellant.

HENRY D. LEWIS, State's Attorney, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This proceeding is to review the judgment and order of sale of the county court of Warren county for taxes levied against appellant's property lying in Ellison and Tompkins townships, in that county. The objection is that in each case there was included in the town tax for general township purposes the salary of the highway commissioner elected in that town, whereas his salary should have been included in the road and bridge tax and within the limit fixed by the statute for levying such tax. Appellant says that the highway commissioner is a road official and not a town official, and that payment of his salary out of the town tax enables the levy of a road and bridge tax to the amount of that salary in excess of the rate of twenty-five cents per $100 fixed by statute as the limit for road and bridge purposes. The only question in the case is whether the salary of the highway commissioner is to be paid from the town fund or the road and bridge fund. The court held that it was properly included in the town tax and paid from that fund.

Appellant's counsel say that the highway commissioner is not an officer of the township; that the highway commissioner is a quasi-corporation separate and distinct from the township; that although prior to 1929 the Township Organization act provided for the election of highway commissioners, such provision was omitted from that act as amended in 1929, and since then the only provision for the election of that officer is to be found in the Road and Bridge act. They say, also, that his services are to be classed with those of other men working on the roads who are paid from the road and bridge fund; that there is no provision of the statute to indicate that the highway commissioner is to be paid otherwise than from the road and bridge fund, and that to permit the payment of his salary out of the general town fund results in a discrimination against road districts in counties not under township or-

ganization, which must pay the highway commissioner elected for the district out of the road and bridge fund. Appellee replies that a highway commissioner is a town officer; that the Township Organization act prescribes that he shall qualify, after his election, as other town officers, and that provisions for resignation and filling vacancies "apply to highway officers in the same manner as to other town officers." He cites various sections of the Township Organization act and the Road and Bridge act. He points out that under paragraph 59 of the Road and Bridge act the salary of the highway commissioner is fixed by the board of town auditors, and that he is no less a township officer merely because provision for his election was omitted from the Township Organization act and appears only in the Road and Bridge act. He argues that it would be equally logical to say that justices of the peace and constables were not township officers for the reason that provision for their election was also by the change made in 1929 omitted from the Township Organization act and put into the act concerning justices and constables.

It is evident from an examination of the various statutes that there has been, and still is, considerable duplication and some confusion therein concerning the office of highway commissioner. The Township Organization act as in force in 1927 (Smith's Stat. 1927, art. 7, sec. 1, p. 2723,) provided that at the annual town meeting there shall be elected a supervisor, clerk, assessor, collector, justices of the peace, constable, "and highway commissioners as are provided by law." In 1927 the Road and Bridge act (Ibid. art. 6, subdiv. 2, pars. (a), (b), (c) of sec. 42, and sec. 43, p. 2352,) provided that in each township or road district there shall be elected a highway commissioner. It was also there provided that the town clerk in townships shall act as clerk for the highway commissioner, and in counties not under township organization a district clerk shall be elected; that the township supervisor shall act as treasurer of the road

and bridge fund in counties under township organization, and in counties not so organized the district clerk shall be *ex-officio* treasurer of the road and bridge fund. It is also in section 43 of that article provided that in counties under township organization highway commissioners shall be elected at the annual town meeting, and in road districts in counties not under township organization he shall be elected on the first Tuesday in April. By section 40 of article 6 of the Road and Bridge act as it was in 1927, it is declared that the duties of highway officers shall be the same in townships or road districts.

In 1929 the provisions of the Road and Bridge act pertaining to highway commissioners, their elections and duties, remained as in 1927, while the Township Organization act was so amended in 1929 (Cahill's Stat. 1929, chap. 139, art. 7, sec. 1, p. 2537,) as to omit from the list of officers to be elected at the annual town meeting, the offices of highway commissioner, justices and constables. In 1931, when this tax was levied, the Township Organization and Road and Bridge acts had not been further changed, so that under applicable statutes the Road and Bridge act only contains provision for the election of highway commissioners. The Township Organization act as in force in 1931, by section 1 of article 9 (Cahill's Stat. 1931, p. 2715,) defines eligibility to town office. Section 2 of that article provides concerning the qualifications of such officers that "every person elected or appointed to the office" of commissioner of highways shall take an oath, etc. That act by this article also prescribes the duties of town officers but does not include therein a description of the duties of the office of highway commissioner.

It appears that both the Road and Bridge act and the Township Organization act as in force when this tax was levied contained provisions affecting the office of highway commissioner. Neither act specifically designates the fund from which his salary shall be drawn. The question before

us is to determine the intention of the legislature as expressed in the statutes. Prior to 1929 the highway commissioner was paid as a town officer. Unless by the amendment of the Township Organization act in 1929 the General Assembly intended that a different source be provided for his salary he is still to be paid as a town officer. It may be observed, as pointed out by counsel for appellee, that reference to the election of justices of the peace and constables was also omitted from the Township Organization act by the amendment of 1929, yet it could hardly be said that a justice of the peace or a constable is not a town officer. Prior to 1929, as we have seen, both the Road and Bridge act and the Township Organization act provided for the election of a highway commissioner. Therefore, unless it appears the status of the highway commissioner has been changed, we are required to hold that he is a town officer.

Under section 8 of article 13 of the Township Organization act (Cahill's Stat. 1933, p. 2713,) town charges are designated. Among them is included compensation of town officers for services rendered in their respective towns. Nowhere is there any provision in the Road and Bridge act giving authority to levy a tax for paying the salary of a highway commissioner. Employees, material, labor, etc., are authorized as charges against the road and bridge fund, but there is no specific authorization for the payment of the salary of the highway commissioner from the road and bridge fund in counties under township organization. True, as pointed out by counsel for appellant, there is no other place from which he can be paid in those counties not under township organization. He is not a county officer but an officer of the road district. Such, however, is the state of the law on the subject, and the courts are not to legislate concerning the matter.

Section 53 of article 6 of the Road and Bridge act provides that the board of town auditors, in counties under

township organization, shall, within the limitations therein prescribed, fix the salary of highway commissioners, and that in counties not under township organization the same shall be fixed by the county board. This section also provides that he shall file a sworn statement in the office of the town or district clerk showing the number of days he was employed. The salary of the town or district clerk as clerk to the commissioner is also there fixed, and it is there declared that he shall receive no other per diem. It is also there provided that in counties under township organization fees of the clerk shall be paid out of the town fund and in counties not under such organization his fees shall be paid out of the district fund. It is also by section 54 of article 6 of the Road and Bridge act declared that a highway commissioner who shall willfully refuse to perform his duties shall suffer the penalties therein prescribed, which shall be recovered in the name of the town or district, as the case may be. Section 50 of article 6 of the Road and Bridge act designates the powers and duties of the highway commissioner. By section 4 of article 13 of the Township Organization act the accounts of the highway commissioner are to be audited by the board of town auditors. By section 3 of article 3 of the Township Organization act (Cahill's Stat. 1933, p. 2702,) the terms of office of the officers to be elected or appointed are specified. The provision is that officers elected or appointed at the town meeting shall hold their offices until the next annual town meeting and until their successors are elected and qualified, "except that one of the highway commissioners so elected shall hold his office until the next annual meeting, one until the second annual meeting, and the other until the third annual meeting," etc. This provision apparently was not amended when the number of highway commissioners was reduced from three to one and the provision for his election omitted from the Township Organization act. Such is the present confused state of these two statutes.

Counsel for appellant argue that to allow the payment of the highway commissioner out of town funds enables the town to levy a correspondingly larger road and bridge tax than may be levied in a road district. Section 56 of article 6 of the Road and Bridge act, as amended in 1927, (Cahill's Stat. 1933, p. 2412,) provides that at the regular meeting of the board of highway commissioners of each town or road district on the first Tuesday in September the commissioners shall determine and certify to the board of supervisors or county commissioners the amount necessary to be raised by taxation for "the proper construction, maintenance and repair of roads and bridges in such town or road district," which certificate shall be filed in the office of the county clerk. This section contains the further provision: *"Provided, however,* that the county clerk shall not extend against the taxable property of any road district a rate in excess of thirty-three cents on each $100 valuation of the taxable property of the district; nor against the taxable property of any town, a rate in excess of twenty-five cents on each $100 valuation of the taxable property of the town," unless the highway commissioners have secured consent in writing of the town auditors to extend a greater rate, in which event the rate shall not exceed thirty-three cents on each $100 valuation: A higher limit is thus set on the rate of taxation for road purposes permitted in the first instance to road districts than that fixed for towns. This was evidently to provide for additional expenses in road districts, which may levy but the one tax, while in townships certain of those expenses may be absorbed by the town tax fixed. It is but reasonable to conclude that the General Assembly had in mind the payment of salaries of officers of such road district in the allowance of a higher rate of taxation.

Although considerable confusion and duplication exist in the statutes in relation to the highway commissioner, we are of the opinion that it cannot be said, in view of

remaining provisions of the Township Organization act, that the omission therefrom of provisions for the election of that officer is sufficient to change his status as a town officer. He was therefore properly paid from town funds, and the county court did not err in overruling the objection to these taxes.

The judgment will be affirmed. *Judgment affirmed.*