(No. 28195.—

THE PEOPLE *ex rel.* Oscar Olson, County Collector, Appellee, *vs.* THE ATCHISON, TOPEKA and SANTA FE RAILWAY COMPANY, Appellant.

*Opinion filed January 17, 1945.*

JAY H. MAGOON, of Lacon, WILLIAM J. MILROY, and FRANCIS J. STEINBRECHER, (CHARLES H. WOODS, of counsel,) all of Chicago, for appellant.

ROBERT A. BARNES, State's Attorney, of Lacon, for appellee.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

Certain 1942 taxes levied in Marshall county are here involved, the same having been paid under protest by appellant. The county court affirmed the levies and the appeal comes directly to this court because of the revenue.

The objections of appellant assert that in the levies for the townships of Bennington, Lacon, and Richland, items for "Fees and Salaries of Town Officers" included specific sums for the highway commissioner of each township, which were for purposes not authorized by law, and therefore void. Why this result should follow is not made entirely clear by the objections, but as supplemented by the briefs it appears that the reasoning is as follows: That

under our constitution a township highway commissioner is to be paid only a "fee" as a per diem compensation for the days actually and necessarily devoted to the performance of his duties, not a "salary;" that the statute fixing the compensation of a commissioner calls it a "salary" and thus the statute is unconstitutional; that the duties of a township highway commissioner are supervisory only, not manual, yet, in fact, the three commissioners in question devoted about seventy-five per cent of their time to the performing of manual labor on the roads, which labor should be paid for out of the road and bridge fund, but in truth the entire compensation of each was paid from the town levies in question, which thus cast an improper burden on the town funds; that a commissioner cannot be paid from the road and bridge fund because such monies are expended only on the direction of the commissioner, which would result in his paying himself money, contrary to statute; that, therefore, a commissioner can be paid only for his supervisory duties, and then only from town funds, whereby each levy in question is entirely void because it is impossible to determine what part was intended for legally assessable "fees" and what part was for illegal "salaries;" that, at all events, the levies are void because the commissioners failed to file with the town clerks sworn statements showing the number of days employed, the kind of employment, and the dates thereof, the same being required by law and without which the correct levy could not be made.

All material facts were stipulated, from which it appears that the highway commissioners in question received for the fiscal year from April, 1942, to and including March, 1943, varying monthly amounts based upon a per diem compensation ranging from $4 to $4.75. Marshall county is under township organization and all payments were from town funds of the respective townships and all were made without sworn statements being filed with the

town clerks showing the number of days employed, the kind of work, or dates. Each commissioner devoted approximately seventy-five per cent of his time to actual labor on roads or machinery, with the balance of his time being devoted strictly to supervisory duties. Thus, the material facts relied upon by appellant appear to be true. The questions to be resolved are whether the legal conclusions ascribed thereto are correct.

At the outset, we are impelled to suggest that the objections filed by appellant do not entirely meet the requirements of the Revenue Act that a taxpayer specify "the particular cause of objection." (Ill. Rev. Stat. 1941, chap. 120, par. 716.) However, no motion to strike or to make the objections more definite and certain was filed by appellee and it appears from the briefs that all phases of the objections, as above outlined, were fully argued and understood by both parties and the county court. Accordingly, we will proceed to consider the case on its merits.

To support its argument concerning the difference between "fees" and "salaries," appellant first points to sections 11 and 12 of article X of the constitution of 1870 which refer to compensation payable to township officers by use of the word "fees" only. In contradistinction, we are then referred to section 23 of article V, section 7 of article VI, and section 9 of article X, which provide that certain State officers, Supreme Court judges, and certain county officers, respectively, shall be paid "salaries." Thus, appellant argues, the framers of our constitution differentiated between "fees" and "salaries" and intended that the normal distinction between the two terms be observed in all respects. Many cases from other jurisdictions are cited which hold, in substance, that a fee is compensation for particular services rendered at irregular intervals, whereas a salary is a fixed compensation for regular work. A similar definition of "fee" may also be found in *People ex rel. City of Peoria* v. *Weston*, 358 Ill. 610.

In view of the foregoing, appellant urges that section 53 of the Roads and Bridges Act (Ill. Rev. Stat. 1941, chap. 121, par. 59,) is unconstitutional and void because it provides the compensation of township highway commissioners in the following language: "The commissioner of highways shall receive for each and every day he is necessarily employed in the discharge of his duties a salary to be fixed by the county board in counties not under township organization, and by the board of town auditors in counties under township organization, not less than four dollars ($4.00) per diem, and not to exceed six dollars ($6.00) per diem in all counties in the State, upon a sworn statement to be filed by such commissioner in the office of the town or district clerk, showing the number of days he was employed and the kind of employment and giving the dates thereof; * * *." The use of the word salary instead of fee is, of course, the basis of this contention, but we cannot agree with the result urged.

It is true that lexicographers define "fee" and "salary" so that the two are not synoymous, and for the purpose of this suit we shall accept the general distinction already noted. However, it makes no real difference that the legislature used the word "salary" in the above-quoted statute because what it, in fact, went on to provide for, obviously is not in violation of sections 11 and 12 of article X of the constitution, *i.e.*, compensation in the form of a per diem, which meets the requirements of a fee, (not a fixed monthly or annual salary,) uniform in its operation to such township officers. The inept use of a merely descriptive word cannot overcome the plain intention of the legislature when, as just pointed out, the material part of the statute does no violence to the constitution. Thus, we must conclude that the statute is constitutional, particularly in view of the well-established principle of constitutional law stated in *People* v. *Newcom*, 318 Ill. 188, as follows: "The rule of law is, that an investigation like this, con-

cerning the constitutionality of an act of the legislature, begins with the presumption that the act is valid. All doubts or uncertainties arising either from the language of the constitution or the act must be resolved in favor of the validity of the act, and the court will only assume to declare it void in case of a clear conflict with the constitution. The duty of the court is to so construe acts of the legislature as to uphold their constitutionality and validity if it can reasonably be done, and if their construction is doubtful the doubt will be resolved in favor of the law."

Turning next to the question of whether the duties of a township highway commissioner are supervisory, only, and whether he should be paid for any manual labor out of road and bridge levies, we find that this has, to a large extent, been answered in the case of *People ex rel. Dennison* v. *Atchison, Topeka and Santa Fe Railway Co.* 355 Ill. 424. The same taxpayer there urged that the services of a highway commissioner should be classed with those of other men working on the roads and that he was thereby a road official to be paid from the road and bridge tax rather than a township officer to be paid from town funds. We declined to accept the interpretation urged and held the commissioner to be a township officer. While the right or duty of a commissioner to perform manual labor on the roads and equipment was not directly there in issue, much of the reasoning by which we arrived at our conclusion is necessarily applicable herein. For example, we pointed out that prior to 1929 a highway commissioner was paid as a town officer and no change in his status resulted from the amendment of the Township Organization Act in that year. He was not spoken of as a mere employee or laborer, but always as an officer elected as other township officers.

Furthermore, when we consider the prescribed duties of a highway commissioner, it is equally difficult to escape the proposition that his primary duties are executive and supervisory, not manual. Thus, section 50 of the Roads

and Bridges Act (Ill. Rev. Stat. 1941, chap. 121, par. 56) provides that the highway commissioner of each town (or road district) shall: (1) Lay out, alter, widen or vacate roads, (2) cause such roads to be entered of record, (3) determine the taxes necessary to be levied, (4) direct the expenditure for, (5) direct the construction of, and (6) have general charge of the roads and bridges of his town or district. All of those, and his other duties, denote the exercise of supervision and control rarely, if ever, vested in a laborer. True, the execution of such duties undoubtedly also requires the performance of no little manual labor and in the poor and thinly populated townships we have no doubt that a great part of the actual work on roads, bridges, machinery and equipment must, of necessity, be done by the commissioner himself. However, such does not detract from the primary nature of his duties. In fact, it is difficult to conceive how the two could be distinguished or separated without endless confusion and debate. Whether a commissioner is acting in a supervisory capacity or doing manual labor when he operates a grader on work at hand, while at the same time instructing a workman in the method to be followed, is but one of the complex examples which could be multiplied manyfold. To require a commissioner to confine himself to his supervisory duties and, in the middle of a day, hire a laborer to do some work he could better and more speedily do himself, would only result in inefficiency and unnecessary expense to the political subdivisions involved. Our decision in 355 Ill. 424, *supra,* has been known for more than ten years and yet no material change in the applicable statutes has been made by the legislature during such time. In view of that fact and the practical necessities of the situation, we see no alternative other than affirming the county court on this phase of the case, also.

Before leaving the point last under consideration, we wish to observe that in so holding we are not unmindful

of section 124 of the Roads and Bridges Act (Ill. Rev. Stat. 1941, chap. 121, par. 132) which provides that highway commissioners shall receive compensation for certain services out of the permanent road and bridge fund. However, such payment is apparently limited to services under the subdivision of the act providing for hard roads, and neither that subdivision nor said section 124 are brought into issue by the record in this case. Certainly the present language of section 124 was not intended to amend the Township Act and the Roads and Bridges Act so as to change the entire result of our decision in *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 355 Ill. 424.

The final contention that the levies are void because the commissioners failed to file with the town clerks sworn statements showing the number of days employed, the kind of work, and the dates thereof is based on a requirement to the effect in the above-quoted section 53 of the Roads and Bridges Act. In the same connection, appellant urges that without such sworn statements the correct levy can not be made. The practical effect of this objection is analogous to the contention that no power exists in the town electors to levy for future compensation of officers or in anticipation of claims, which was made in the case of *Chicago, Indianapolis and Western Railway Co.* v. *People ex rel. Moffett,* 213 Ill. 197. In answer thereto this court said: "Appellant's contention is that no tax can be levied by the town authorities to pay the compensation of its officers until after the claims for compensation have been audited by the town board and certified to the town clerk. If this be the true construction of the statutory provisions on the subject, a town officer who, for example, performs some official duty in the autumn of 1904 after the town clerk has filed his certificate of levy for the taxes of that year with the county clerk, and after the second meeting of the board of auditors in that year, would have his claim for the performance of that duty audited and

certified to the town clerk in 1905 and included in the tax levy of that year and collected and paid to him in 1906—about eighteen months after the services had been performed. We think such a construction violates the legislative intent as manifested by the enactment under consideration. * * * We hold that the electors, at the annual town meeting, are authorized to levy taxes in anticipation of demands that will thereafter arise against the town, for services rendered by its officers, and for other proper charges of like character; * * *. By pursuing this course, the town will ordinarily have on hand funds to meet its current expenses as they arise, and in case of a deficiency, the same will be met by a levy made upon the auditors' certificate."

What was said there applies with equal force to the case at hand. Only by anticipating the reasonable and probable compensation of its highway commissioner can a town have on hand the money to pay him when the same becomes due. Any other method of operation would be virtually impossible. By so holding, we do not intend to condone the failure of the three highway commissioners to comply with the plain wording of the statute. It should be followed because it is the law and because more complete township records could thereby be kept. While such failure might well be made the basis of a proceeding to restrain payment of compensation to a highway commissioner until he had complied with the statute, the present objection that the levy is invalid cannot be sustained.

The judgment of the county court overruling all objections of appellant was correct, and, accordingly, is affirmed.

*Judgment affirmed.*