THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BEATRICE L. ROBINSON, Defendant-Appellant.

First District (1st Division)    No. 80-1328

Opinion filed September 28, 1981.

Beatrice L. Robinson, of Chicago, for appellant, *pro se*.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Penny Nathan Kahan, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Beatrice L. Robinson (defendant) was adjudged guilty of contempt of court. A fine of $100 was assessed against defendant. Defendant, pro se, appeals.

Defendant originally filed suit against a corporation and two individuals. Defendant claimed damages for an alleged assault and battery upon her person. On January 9, 1980, upon defendant's verified petition, the trial judge allowed defendant a change of venue. (Ill. Rev. Stat. 1979, ch. 110, par. 501(2).) The cause was reassigned to another judge.

On May 2, 1980, defendant filed in open court another verified petition for change of venue from the newly assigned judge. This was patently contrary to the pertinent statute. Ill. Rev. Stat. 1979, ch. 110, par. 508.

Proper consideration of this appeal requires us to restate verbatim portions of the charges made against the trial judge in the second petition for change of venue. The verified petition charged that the trial judge, stating his name, without legal justification entered into "a criminal conspiracy against the person, property and Civil Rights of the Plaintiff's [defendant's] by reason of outside influences being the Chicago Police Department, and other criminal inhabitants of Cook County, Illinois, to obstruct and deny justice to the Plaintiff herein in this case" because "of the Plaintiff's race, color, religion, religious devotion, malicious, heterosexual nature, sex organ structure and practice and not in prostitution nor sodomy, * * *."

The verified petition also alleged that the trial judge, stating his name, on April 26, 1980, "willfully, and compromisingly engaged in criminal sex with a known criminal, lesbian-prostitute for Chicago Police Officer WALSH, a/k/a MARVIN MANDELL, a known Pimp, who falsely imprisoned the plaintiff herein on a past occasion."

The verified petition alleged that the trial judge, stating his name, "wilfully, and compromisingly engaged in criminal lesbian-sex on Saturday, April 26, 1980" with a "Lesbian-Prostitute who wilfully, maliciously, conspiratorily and criminally destroyed the Plaintiff's [defendant's] legal documents and records * * *."

The verified petition further alleged that the "criminal misconduct with that Lesbian-prostitute in question" by the trial judge, stating his name, "seriously violated Ch. 110A, pars. 4 and 23, Supreme Court Rule 61, Illinois Revised Statutes, as amended; and further in serious violation of Ch. 38, Section 11—18, Smith-Hurd Illinois Annotated, as amended, being the Criminal Code of Illinois * * *."

On May 2, 1980, upon presentation of defendant's petition, the trial judge entered an order which recited that he had been "fully advised in the premises." The trial court accordingly found that the petition for

change of venue filed in open court by defendant "contains scurrilous, libelous and defamatory statements directed at this court." The trial court found these statements were "without any foundation" and "are insulting and repugnant to the dignity of the court." The court found these statements "obstruct justice and normal and necessary administration of justice by this court." It was accordingly ordered that defendant be held in direct contempt and fined $100 to be paid within 30 days. The motion for change of venue was denied.

The power of a court to punish for contempt is of ancient origin. It might well be stated that this power exists not so much to maintain the dignity of a court or of any individual judge but to make certain that the power of administration of justice vested in the court should be freely exercised and not impeded. It has been authoritatively held that contempt proceedings are not quite civil and not quite criminal. The accepted description of the power to punish for contempt is that it is *sui generis* and therefore has both civil and criminal characteristics. *Marcisz v. Marcisz* (1976), 65 Ill. 2d 206, 208-09, 357 N.E.2d 477, quoting from *People ex rel. Chicago Bar Association v. Barasch* (1961), 21 Ill. 2d 407, 409-10, 173 N.E.2d 417.

Reviewing courts have also had occasion to define the phrase "contempt of court." The generally accepted definition has been stated in *People ex rel. Kunce v. Hogan* (1977), 67 Ill. 2d 55, 59-60, 364 N.E.2d 50, *cert. denied* (1978), 434 U.S. 1023, 54 L. Ed. 2d 771, 98 S. Ct. 750, quoting from *In re Estate of Melody* (1969), 42 Ill. 2d 451, 452, 248 N.E.2d 104:

> " 'Contempt of court has been generally defined as conduct calculated to embarrass, hinder or obstruct a court in its administration of justice or to derogate from its authority or dignity, or bring the administration of law into disrepute.' "

The definition of "contempt" has been expanded by delimiting the meaning of the phrases "direct contempt" and "indirect contempt." In *People v. McNeil* (1976), 42 Ill. App. 3d 1036, 1038, 356 N.E.2d 1073, this court stated:

> "Direct contempt takes place in the presence of the court and all elements of the offense are matters within the court's personal observation and knowledge [citation], while an indirect contempt is one which in whole or an essential part occurred out of the presence of the court and is dependent for its proof upon extrinsic evidence of some kind."

Another distinction has been traditionally made between "civil" and "criminal" contempt. This court illuminated that distinction in *47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 233, 371 N.E.2d 294:

> "Proceedings in the nature of 'civil' contempts are defined as those

prosecuted to enforce the rights of private parties and to compel obedience to orders or decrees for the benefit of opposing parties. [Citation.] Proceedings in the nature of criminal contempt are defined as those directed to the preservation of the dignity and authority of the court [citation], or a judge acting judicially [citation]."

Finally, it should be noted, as stated in *47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 233, that the power to punish for contempt of court "is inherent in all courts as essential to proper and effective functioning of the courts and to the administration of justice" and, "is an essential auxiliary to the administration of the law."

In the case before us the second petition for change of venue, submitted and filed in open court by defendant, is classified without difficulty. The very filing of the petition constituted contempt of the court. Filing of this document in open court is in itself sufficient to support a finding of direct contempt in the presence of the court so as to authorize summary punishment of the offender. (See *People v. Graves* (1979), 74 Ill. 2d 279, 284, 384 N.E.2d 1311.) Also, the contempt is direct rather than indirect. (*People v. McNeil* (1976), 42 Ill. App. 3d 1036, 1038.) Therefore, extrinsic evidence is unnecessary. The contempt was criminal in its nature, so that these proceedings are directed to the preservation of the authority of the court. See *47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 233.

It follows that the order appealed from was properly entered. Perhaps the closest case to the situation here at bar is *People v. Baxter* (1972), 50 Ill. 2d 286, 278 N.E.2d 777. There, the contemnor filed a petition for substitution of judges in a criminal case. The charges and language used in that document are comparable to the case before us. The supreme court affirmed a summary finding of contempt and a punishment of incarceration for one year. In the instant case, the able trial judge was apparently of a forgiving nature. The punishment of a fine of $100 is inconsequential.

The order appealed from is accordingly affirmed.

Order affirmed.

McGLOON and O'CONNOR, JJ., concur.