GLENVIEW CREDIT UNION, Plaintiff-Appellant, *v.* RICHARD ELROD, Sheriff of Cook County, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 81—3025

Opinion filed February 10, 1983.

Block, Levy & Becker, of Chicago (Alvin R. Becker, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Susan Condon, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

This action challenges the authority of the sheriff of Cook County to retain fees charged for mileage "necessarily traveled" to perfect service of an attachment where the sheriff mails a letter to the opposing party rather than physically traveling in order to serve the writ. The individual and class action complaints challenging this practice were filed by the plaintiff, Glenview Credit Union, and were dismissed prior to trial for failure to state a cause of action. It is from that dismissal that the plaintiff appeals to this court.

The plaintiff in this case was also a plaintiff in an unrelated prior

action. A judgment was entered in that case in favor of the plaintiff. Subsequently, the defendant in the prior action, not a party to the instant case, failed to appear for an examination after a citation to discover assets was issued against him. After a later order to show cause was issued, the defendant still did not appear and a civil body attachment was issued.

The attachment was delivered for service and execution to Sheriff Richard Elrod, one of the defendants in the instant case. The plaintiff made an advance payment to Elrod in the amount of $7.04 as the mileage fee for service of the attachment. Actual service of the writ was never effectuated because the defendant in the prior action appeared voluntarily after Elrod mailed him a letter advising him of the attachment date. The plaintiff subsequently made a written demand for a refund of the $7.04 mileage fee. Elrod refused to made a refund and the fee was paid over to the defendant Rosewell, Cook County treasurer. The plaintiff then filed its complaint for individual and class action relief, claiming that the statutory provision allowing the sheriff to retain fees collected for mileage "necessarily traveled" can only be employed when actual travel, as opposed to the mailing of a letter, is necessary. (Ill. Rev. Stat. 1981, ch. 53, par. 71.) The complaint was dismissed for failure to state a cause of action.

On appeal, the plaintiff raises three issues. Specifically, the plaintiff contends that it had adequate standing to bring this action in the trial court and consequently has the standing necessary to appeal the trial court's decision to this court; that its complaint properly stated a cause of action because the sheriff is not entitled to charge and retain mileage fees when no travel has occurred; and that it was necessary to seek equitable relief because no adequate remedy at law existed.

The first issue on appeal concerns whether the plaintiff has the standing necessary to bring this action. Citing no authority for their position, the defendants argue that because the plaintiff had a final, valid judgment against the defendant in the prior action for fees, the ultimate incidents of the mileage fee passed by operation of law to the defendant in the prior action. Therefore, the defendants urge, the plaintiff was divested of the standing necessary to challenge the mileage fee because the economic burden of paying the fee had transferred from the plaintiff to the defendant in the prior action once that judgment became final. We disagree.

■ Merely because the plaintiff has some right to collect fees from the defendant in the prior action does not necessarily mean that it can and will collect those fees. We believe that it was the plaintiff who in the first instance was required to pay the fee to the sheriff and who

therefore shouldered the actual pecuniary burden of the charge. (See generally *DeBruyn v. Elrod* (1981), 84 Ill. 2d 128, 418 N.E.2d 413.) Therefore, we find that the plaintiff has standing to pursue this action and that this court consequently may assess the merits of the plaintiff's complaint.

The second issue raised by the plaintiff on appeal reaches the substantive matters of the case. The plaintiff argues that the complaint was improperly dismissed for failure to state a cause of action because section 1 of "An Act to provide for the fees of the sheriff ***" forbids the sheriff from charging and retaining mileage fees unless it is necessary for him to actually travel in order to effectuate service. (Ill. Rev. Stat. 1981, ch. 53, par. 71.) Specifically, the plaintiff contends that the mere mailing of a letter to a defendant does not allow a sheriff to charge and retain mileage fees under this statutory section, which reads:

> "The officers herein named, in counties of the third class [counties containing a population exceeding 1,000,000 inhabitants], shall be entitled to receive the fees herein specified, for the services mentioned and such other fees as may be provided by law for such other services not herein designated.

> Fees for Sheriff

> * * *

> Mileage for service of all process, 16¢ per mile each way *necessarily traveled* in making such service computed from the place of holding court." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 53, par. 71.)

The plaintiff believes that the phrase "necessarily traveled" reflects the legislative intent to preclude the sheriff from charging and retaining fees for anything less than actual travel to effectuate service. While at first glance the plaintiff's argument appears convincing, we cannot accept the plaintiff's contentions in light of the precedent for this sort of action that has been established by previous Illinois case law.

In *Fried v. Danaher* (1970), 46 Ill. 2d 475, 263 N.E.2d 820, *appeal dismissed* (1971), 402 U.S. 902, 28 L. Ed. 2d 643, 91 S. Ct. 1382, the Illinois Supreme Court addressed a similar question where the plaintiff filed a class action complaint to recoup fees paid "for the services of a jury" where a previous case brought by the plaintiff had been disposed of before it was necessary to impanel a jury. (See Ill. Rev. Stat. 1969, ch. 53, par. 51.) The *Fried* plaintiff made a demand for a refund and the demand was refused by the clerk of the circuit court and treasurer of Cook County. The supreme court found that where the jury fee stat-

ute did not include a refund provision, it was proper to infer that the legislature intended the jury-demand fee to defray generally the cost of the jury system and not just the expense of the particular jury services provided to the party paying the fee. Further, the *Fried* court recognized that the practice of retaining the jury-demand fees was consistent, long continued and reasonable. Thus, the court found the practice to be proper even though the statute at issue merely authorized charging and retaining fees "for the services of a jury." See also *Ali v. Danaher* (1970), 47 Ill. 2d 231, 265 N.E.2d 103.

■■ We believe that the facts presented to us in the case at bar are so closely akin to those addressed in the *Fried* case that we must necessarily recognize the *Fried* reasoning to be controlling in the instant case. If the three general prerequisites set out in *Fried* are satisfied here, we think it would be proper for the sheriff to charge and retain mileage fees even if actual travel was unnecessary to effectuate service. Specifically, it must be established that the statute at issue does not include a refund provision, that the complained of practice is reasonable and that the retained costs are used to defray generally the costs of administrating the court system. As we shall discuss below, we believe that all of these requirements are satisfied in the case at bar and therefore, we cannot accept the plaintiff's interpretation of the statute at issue.

First, as was the case in *Fried,* there is no explicit refund provision incorporated into the mileage fee statute at issue in this case. (See Ill. Rev. Stat. 1981, ch. 53, par. 71.) We find this factor to be important because had it been the legislative intent to provide for a refund in the event that actual travel was unnecessary, it would appear likely that the legislature would make allowance in the statute for the refunding of fees.

The second reason we find the plaintiff's argument to be unpersuasive is that the practice complained of here strikes us as being quite reasonable. Specifically, by paying the fee, the plaintiff secured the right to have the sheriff travel in order to attach the defendant if it became necessary to take such extreme action. The plaintiff did in fact receive the benefit of all the services it paid for because as a result of the letter mailed by the sheriff, the defendant in the prior action appeared in court. Therefore, it appears reasonable for the defendants to retain the mileage fee because the result desired by the plaintiff, namely, the appearance of the defendant in the prior action in court, was produced by actions taken by the defendants in this case.

The third and final reason we find that it was proper to retain the mileage fees is because the fees were used to generally support and

defray the cost of administrating the court system. We believe it is important to point out the manner in which the sheriff's office operates as a normal course of business. Specifically, if the sheriff is unable to serve a party for some reason on the first attempt, he will make several additional attempts to effectuate service without charging any additional fee to the party requesting service. However, the party requesting service has actually paid a fee only for the sheriff's first attempt. Therefore, the sheriff's office incurs these additional costs for the required extra mileage traveled. We do not find it an unreasonable practice to defray these added costs by retaining the mileage fees paid by parties such as the plaintiff in the instant case. Thus, we believe the fee is a reasonable burden upon litigants to generally defray the costs of running the court system.

We therefore believe that the plaintiff's reliance upon *People v. McCord* (1908), 143 Ill. App. 28, is misplaced. In *McCord,* the court found that a county collector could not recoup mileage fees when he did not physically travel while performing his job, but rather accomplished the same purpose through the mails. However, the statutory fees that would have been recovered by the county collector were in the nature of a personal reimbursement to him and were not used in any manner to support and defray the cost of running a governmental entity. Thus, *McCord* is distinguishable from the case at bar because the sheriff here did not personally retain the fees, but rather paid them over to Rosewell, the Cook County treasurer, as county funds.

In summary, we believe that under *Fried,* where no explicit refund provision was included in the statute at issue and where the complained of practice was reasonable, the sheriff may retain the mileage fee in order to defray generally the costs of administrating the court system.

As a final matter, because we find that the plaintiff's reliance upon the mileage fee statute was misplaced, we need not address the plaintiff's final contention that the complaint properly set forth a cause of action seeking equitable relief.

For the foregoing reasons, we believe that the trial court properly dismissed the plaintiff's complaint for failure to state a cause of action.

Affirmed.

ROMITI, P.J., and JOHNSON, J., concur.