AUDRONE GARBENIS *et al.*, Plaintiffs-Appellees, *v.* RICHARD J. ELROD, Sheriff of Cook County, *et al.*, Defendants-Appellants.

First District (5th Division)    No. 82—699

Opinion filed September 16, 1983.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Susan Condon, Assistant State's Attorneys, of counsel), for appellants.

Milton M. Blumenthal & Associates and Larry D. Drury, Ltd., both of Chicago (Milton M. Blumenthal, David W. Dickerson, Michael L. Blumenthal, Larry D. Drury, and Andi C. Goldfine, of counsel), for appellees.

PRESIDING JUSTICE WILSON delivered the opinion of the court:

This action challenges the authority of the sheriff of Cook County to retain service and mileage fees paid to the sheriff pursuant to section 1 of "An Act to provide for the fees of the sheriff ***" (Ill. Rev. Stat. 1979, ch. 53, par. 71) for writs placed for service which are returned with the endorsement "not found." Initially, the individual and class action complaint filed by plaintiffs sought declaratory and injunctive relief as well as the refund of the disputed fees paid to the sheriff. Subsequently, plaintiffs filed a motion for summary judgment, which was followed by defendants' cross-motion for summary judgment. Defendants appeal from the trial court's order granting plaintiffs' motion for summary judgment and denying their cross-motion. For the reasons that follow, we reverse the judgment of the trial court.

On January 13, 1976, plaintiff Garbenis filed a civil suit in the circuit court of Cook County and, by her agent, delivered a summons to

the sheriff's office which was to be served on the defendant named in Garbenis' suit. At that time, Garbenis' agent paid a $4 service fee to the sheriff and a mileage fee of $1.50. After seven attempts to serve the defendant at the address provided by Garbenis, the summons was returned with the endorsement "not found."

Similarly, on September 24, 1976, plaintiff Paulauskas filed a civil suit in the circuit court of Cook County and delivered a summons to the sheriff's office to be served on the named defendants in her suit. Paulauskas paid a service fee of $12 and a mileage fee of $2.70. Subsequently, the summons was returned with the endorsement "not found" as well as the deputy's written explanation that the defendants had moved from the address provided by plaintiff Paulauskas. No refunds of the service and mileage fees were made to either plaintiff, nor was a demand for a refund made by either plaintiff. Thereafter, plaintiffs filed the present lawsuit on behalf of themselves and all other persons similarly situated.

OPINION

This case arises under section 1 of "An Act to provide for the fees of the sheriff ***" (Ill. Rev. Stat. 1979, ch. 53, par. 71) (section 1), which provides generally for the payment of service and mileage fees to the sheriffs of third class counties for serving writs. For purposes of this appeal, the relevant statutory language provides:

> "The officers herein named, in counties of the third class, shall be entitled to receive the fees herein specified, for the services mentioned and such other fees as may be provided by law for such other services not herein designated.
> Fees for Sheriff
> For serving any summons on each defendant, $8.
> * * *
> Mileage for service of all process, 16¢ per mile each way necessarily traveled in making such service computed from the place of holding court." Ill. Rev. Stat. 1979, ch. 53, par. 71.

On appeal, defendants maintain that in accordance with long, continued practice, fees provided "for serving" writs may be retained by the sheriff whether or not actual service is effectuated, provided that the sheriff has exercised reasonable diligence in attempting to deliver the writ. Plaintiffs, on the other hand, argue that the language of the statute explicitly states that the sheriff is entitled to retain fees only when actual service has been made. In light of analogous precedent, we cannot accept plaintiffs' strict construction of the fee provisions of section 1.

Specifically, we find *Fried v. Danaher* (1970), 46 Ill. 2d 475, 263 N.E.2d 820, and *Glenview Credit Union v. Elrod* (1983), 112 Ill. App. 3d 842, 445 N.E.2d 1254, dispositive of the issue. In *Fried,* plaintiff filed a class action lawsuit to recover fees for the services of a jury paid by plaintiff in a previous case which had been settled prior to impaneling a jury. The supreme court found that because the jury fee statute (Ill. Rev. Stat. 1969, ch. 53, par. 51) did not include a refund provision, it was proper to infer that the legislature intended that the fee be used to defray the general costs of the jury system and not just to pay the costs of the particular jury services provided to the party paying the fee. In addition, the *Fried* court noted that the practice of retaining jury demand fees was consistent, long-continued and reasonable. As a result, the court found retention of the jury fees to be proper even though the right to retain the fees was not explicitly set forth in the statute.

Similarly, in *Glenview Credit Union v. Elrod* (1983), 112 Ill. App. 3d 842, 445 N.E.2d 1254, plaintiff challenged the authority of the sheriff of Cook County to retain fees charged for mileage "necessarily traveled" to perfect service of an attachment where the sheriff mails a letter to the opposing party rather than physically traveling in order to serve the writ. Relying upon the "reasonableness" standard set forth in *Fried,* the court stated:

> "If the three general prerequisites set out in *Fried* are satisfied here, we think it would be proper for the sheriff to charge and retain mileage fees even if actual travel was unnecessary to effectuate service. Specifically, it must be established that the statute at issue does not include a refund provision, that the complained of practice is reasonable and that the retained costs are used to defray generally the costs of administrating the court system." (112 Ill. App. 3d 842, 845.)

Upon finding that all three prerequisites had been satisfied, the *Glenview Credit Union* court held that the sheriff was entitled to collect and retain fees for miles "necessarily traveled" in serving process even though service was effectuated by mail.

We concur with the analysis of the *Fried* standard set forth in *Glenview Credit Union* and, accordingly, find that application of the three-prong *Fried* standard to the facts at bar compels us to hold that the sheriff was entitled to retain the service and mileage fees even though actual service had not been made.

First, as in *Fried* and *Glenview Credit Union,* there is no explicit refund provision incorporated into section 1. Plaintiffs interpret this omission as an unequivocal indication of the legislature's intent to

prohibit retention of the fee, reasoning that if retention were permissible, the statute would have so stated. In contradistinction, defendants claim that if refunds were necessary, the statute would have so indicated. In support of their position, defendants point out that the legislature enacted a specific refund provision for first and second class counties (Ill. Rev. Stat. 1979, ch. 53, par. 37), but avoided imposing that requirement on the more populous third class counties such as Cook. We conclude that the absence of such a mandate for third class counties was not an oversight. Rather, it is indicative of legislative acquiescence to the long-established practice of retaining service and mileage fees for attempted, yet unsuccessful service of process. Further support for this conclusion can be found in the legislative debates which preceded passage of Senate Bill No. 1384, the 1982 amendment to section 1 which explicitly provides that sheriffs in third class counties may collect fees for attempted service as well as actual service. Plaintiffs cite the amendment in support of their position that, prior to its passage, actual service of writs was the statutory condition for retaining service and mileage fees. In short, plaintiffs allege that there would have been no need to amend section 1 "for serving or attempting to serve" if that had always been the intent of the legislature. We find this argument totally unpersuasive. The transcript of the relevant legislative debate reveals that the legislature was fully aware that the sheriff of Cook County retained the fees for all service of process, effectuated or not, and, furthermore, approved of the practice as a means to offset the economic and administrative burden of attempting to serve. In fact, the debate indicates that it was the trial court's decision in the case at bar that prompted the amendment by alerting the legislature that there was some ambiguity in the statute. The bill was passed with resounding approval, thereby codifying long-established practice, and, more importantly in our case, confirming legislative intent.

The second and third prongs of the *Fried* standard require that the complained of practice be reasonable and that the retained fees be used to generally support and defray the cost of administrating the court system. In our opinion, the facts in the record overwhelmingly demonstrate that the practice of retaining service and mileage fees in Cook County is reasonable and has been consistently used to defray the enormous administrative cost burden necessary to run the court system.

The circuit court of Cook County is the largest court of general jurisdiction in the United States. In 1978, for example, statistics kept by the sheriff of Cook County reveal that 590,947 writs were accepted

for service and that more than 27%, or 161,441 of these writs, were returned with the endorsement "not found." All writs, whether they are successfully served or not, must be routed, indexed, docketed, assigned to deputies and logged. Further, following attempted or actual service, deputies must record their activities in log books and docket books, and, if relevant, prepare "not found" reports. All of the court personnel involved in performing these tasks must be paid their salaries. Obviously, their paychecks are not dependent upon whether service was completed or not. In our opinion, it is not unreasonable to have those persons who seek the protection of the Cook County court system share the burden of running that system by paying fees for its numerous services. Moreover, we note that parties who feel that the sheriff's office has abused its function have a cause of action under section 16 of "An Act to revise the law in relation to sheriffs" (Ill. Rev. Stat. 1979, ch. 125, par. 16).

Accordingly, we find that plaintiffs' reliance on *Vannatta v. Brewer* (1877), 85 Ill. 114, and *Sprinkle v. County of Cass* (1930), 340 Ill. 382, 172 N.E. 720, is misplaced. In *Vannatta*, plaintiffs challenged a mileage fee statute and questioned whether, when a subpoena for several witnesses residing at one place is delivered to the sheriff, and is served by him in one day, on one trip, he is allowed to charge for mileage for each witness so served. In holding that the sheriff could charge for each witness served, the *Vannatta* court analyzed the service of process function as a whole and concluded that, although in the *Vannatta* situation the fees might seem larger than they should be because all of the witnesses were together, deputies are not always that fortunate and often make fruitless journeys for which they get no mileage fees. Thus, the court reasoned, it all balances out in the end. In the case at bar, plaintiffs construed the *Vannatta* court's statement regarding no fees for fruitless journeys as the holding of the case. This, however, is an erroneous interpretation. That particular statement was nothing more than *dicta*, stated to support the court's holding that the sheriff could properly charge a mileage fee for each witness served.

In *Sprinkle v. County of Cass* (1930), 340 Ill. 382, 172 N.E. 720, a member of the county road and bridge committee sought compensation for inspection work he had performed. The court denied compensation on the ground that compensation to public officials rested wholly upon statutory provision or authority, neither of which existed. We find the *Sprinkle* case inapplicable to the case at bar principally because of the fundamental difference between fees and a public officer's compensation. Fees are public funds or revenues collected by an

official who has no personal claim or interest in them. Compensation, on the other hand, is money that accrues personally to one who has a private claim thereto, *i.e.*, salary or expense reimbursement. See *People v. Atchison, Topeka & Santa Fe Ry. Co.* (1945), 389 Ill. 204, 58 N.E.2d 916.

In conclusion, we find that because no explicit refund provision was set forth in section 1 and the practice of retaining fees was reasonable, the sheriff properly retained service and mileage fees for attempted as well as completed service in order to defray generally the costs of administrating the court system. As a caveat, however, we note that section 1 should be read in conjunction with section 15 of "An Act to revise the law in relation to sheriffs" (Ill. Rev. Stat. 1979, ch. 125, par. 15), which implies that reasonable effort be made to effectuate actual service. This is readily verifiable by the record that deputies are required to keep regarding the number of attempts made to serve process and the reason for nonservice.

As a final matter, because we find that the sheriff properly retained service and mileage fees for unsuccessful attempts at service, we need not address defendants' final argument regarding the necessity for a demand before the fee will be returned.

For the aforementioned reasons, we reverse the judgment of the circuit court of Cook County and remand the cause with instructions that the trial court enter summary judgment for defendants.

Reversed and remanded with instructions.

LORENZ and MEJDA, JJ., concur.