BANK OF HOMEWOOD, Plaintiff-Appellee, v. BERT CHAPMAN *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 1—93—1994

Opinion filed December 29, 1993.—Rehearing denied March 18, 1994.

Lamar C. Chapman III, of Matteson, for appellants, *pro se.*

William J. Bryan, of Homewood, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

This appeal arises from several actions filed by plaintiff, the Bank of Homewood, in an attempt to recover funds from defendants, Lamar C. Chapman III (Lamar Chapman) and Bert Chapman, for overdrafts made on their accounts with plaintiff. We affirm.

The issues before this court for review are (1) whether the trial court had jurisdiction over defendant Lamar Chapman to enter an order against him in the amount of $869.75 on April 15, 1993; and (2) whether the April 15, 1993, order encroaches upon defendants Bert and Lamar Chapman's right to due process guaranteed by the fourteenth amendment to the United States Constitution.

In the original action, plaintiff filed a complaint against defendants Lamar and Bert Chapman in January of 1989, in an effort to obtain $3,841.85 after defendant Lamar Chapman deposited certain drafts for which there were nonsufficient funds. Defendant Lamar Chapman then wrote overdrafts on his account with plaintiff. Defendant Lamar Chapman filed a counterclaim alleging breach of contract, fraud in the inducement and violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1991, ch. 121$^{1}$/$_{2}$, par. 261 *et seq.*). On December 28, 1989, the trial court dismissed defendant Lamar Chapman's counterclaim, found in favor of plaintiff and entered a judgment against defendant Lamar Chapman for $1,297.22 plus interest, fees and costs and a default judgment of $4,341.85 plus costs against defendant Bert Chapman. On May 3, 1990, the trial court also imposed sanctions upon defendant Lamar Chapman in the amount of $2,925.00 "for reasonable additional expenses incurred due to defendant's frivolous pleadings," in violation of Illinois Supreme Court Rule 137. 134 Ill. 2d R. 137.

Thereafter, defendant Lamar Chapman filed two Federal cases. On September 7, 1990, he sought protection under chapter 13 of the United States Bankruptcy Code (Bankruptcy Code) (11 U.S.C. § 109 *et seq.* (1988)), with the United States Bankruptcy Court for the Northern District of Illinois. Plaintiff, in compliance with section 362 of the Bankruptcy Code (11 U.S.C. § 362 (1988)), took no further collection actions against defendants at this time. On April 17, 1992,

the bankruptcy court issued a final order dismissing the petition as a result of defendant Lamar Chapman's failure to file and comply with a chapter 13 plan and to post a supersedeas bond pursuant to the bankruptcy court's order. *Chapman v. Citicorp Mortgage, Inc.* (N.D. Ill. June 24, 1992), No. 92—C—2862; *Chapman v. Citicorp Mortgage, Inc.* (Bankr. N.D. Ill. March 20, 1992), No. 91—C—7990; see also *In re Chapman* (N.D. Ill. 1991), 132 Bankr. 153; *In re Chapman* (N.D. Ill. 1991), 132 Bankr. 132.

On May 15, 1991, defendant Lamar Chapman along with Bobby, Vanessa and Helen Chapman filed an action in the circuit court of Cook County against plaintiff, its counsel William Bryan and its president, William Addy, seeking injunctive relief and damages and a motion to proceed *in forma pauperis*, which was granted. On that same date, defendants Lamar and Bobby Chapman served notice of their motion for injunctive relief upon Bryan at his home. Upon noticing the Chapmans' car outside of his home, Bryan called the police and reported that there was a suspicious vehicle in front of his home. On May 17, 1991, Bryan told the court that defendants Lamar and Bobby Chapman came to his home "strictly for purposes of harassment." The trial court entered an order naming defendants Lamar and Bobby Chapman as defendants in the action Bank of Homewood v. Bert Chapman, 89—M6—410. The order restrained them, their mutual agents, servants and employees from visiting Bryan's property or visiting or entering his residence.

On May 17, 1991, Assistant State's Attorney John Coyne filed a petition for a rule to show cause as to why defendant Lamar Chapman should not be held in contempt of court for making untrue statements during court proceedings in the action known as Bank of Homewood v. Bert Chapman, 89—M6—410. The record indicates that defendant Lamar Chapman caused a subpoena *duces tecum* to be served on plaintiff Bank of Homewood in an effort to obtain Judge and Mrs. Robert Krop's bank records. Judge Krop had previously entered the $4,341.85 judgment against defendant Bert Chapman. Plaintiff refused to surrender the records. A hearing was held on the motion on July 21, 1991. During the hearing on the motion, defendant Lamar Chapman argued that the subpoenaed material would show that Judge Krop and Bryan were guilty of misconduct. The trial court found that the subpoenaed material was not relevant. Citing *People v. Robinson* (1981), 100 Ill. App. 3d 660, 427 N.E.2d 288, the trial court held defendant Lamar Chapman in direct criminal contempt of court for filing a document with the court which attacks a judge for a malicious purpose. Defendant was sentenced to seven days in Cook County jail and fined $500.

On July 10, 1991, defendant Lamar Chapman made a motion for a change of venue to a misdemeanor court for the hearing on the rule to show cause as to why he should not be held in contempt of court for making certain allegedly false statements. At that time, the matter had been assigned to a trial judge who presided over a felony trial courtroom. Defendant argued that the motion should be decided in a misdemeanor courtroom because it was made in a misdemeanor courtroom. The trial judge responded by stating that a rule to show cause is not a misdemeanor charge and that jurisdiction to rule upon such a motion emanates from the court's inherent power to punish unlawful conduct. After considering the contents of defendant's motion for a change of venue, the court treated it as a petition for substitution of a judge for cause and transferred it to another judge for a hearing. That judge reassigned the matter back to the transferring judge, who denied the motion for a change of venue.

On January 31, 1992, the trial court entered an order for sanctions in the amount of $1,421 severally against counsel for defendant Bert Chapman, defendant Lamar Chapman and defendant Bobby Chapman, and $1,731 against defendants Bobby and Lamar Chapman for filing frivolous pleadings in violation of Illinois Supreme Court Rule 137 (134 Ill. 2d R. 137).

Plaintiff also filed a citation to discover assets against Craig Phelps, defendants' chapter 13 trustee. Phelps forwarded a notice of the citation to defendant Lamar Chapman by regular mail and by certified mail at the time of its filing. Subsequently, plaintiff filed a petition to garnish $5,719.73 from defendant Lamar Chapman's bankruptcy estate. On April 2, 1992, after a full hearing and the presentation of an accounting, the trial court entered a turnover order in favor of plaintiff and against Phelps for the sum of $5,719.73. The court also entered a turnover order against defendant Bobby Chapman on May 13, 1992, in the sum of $3,550.51. Plaintiff obtained the funds pursuant to the turnover order. Defendant Lamar Chapman made a motion to vacate the turnover order. The motion was denied.

On April 20, 1992, defendant Lamar Chapman filed a petition for relief of the January 31, 1992, judgment under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). On April 24, 1992, plaintiff appeared for a hearing on defendant Lamar Chapman's petition for relief of judgment for the limited purpose of contesting notice. On June 25, 1992, the case was dismissed because defendant Lamar Chapman "either by reason of lapse of time or absence of sufficient diligence." Defendant Lamar Chapman later made a motion to obtain a default judgment against plaintiff. This motion was denied.

Defendant Lamar Chapman requested leave to file a second Federal action under 42 U.S.C. sections 1981, 1983, 1985(3), 1988 and 2000a (42 U.S.C. §§ 1981, 1983, 1985(3), 1988, 2000a (1988)), *in forma pauperis*. Defendant brought said action against 11 defendants, including the State of Illinois, three judges of the circuit court of Cook County, plaintiff and two of plaintiff's attorneys. Defendant Lamar Chapman alleged that the defendants in the aforementioned action were parties to a conspiracy to harass him and his brother and deprive them of certain Federal rights including his right to due process, equal protection and freedom from cruel and unusual punishment. Defendant Lamar Chapman's application to proceed *in forma pauperis* was denied and the complaint was dismissed on the basis that it was "frivolous within the meaning of section 1915(d)" (42 U.S.C. § 1915(d)(1988)). *Chapman v. State of Illinois* (7th Cir. 1992), 983 F.2d 1072; *Chapman v. State of Illinois* (N.D. Ill., January 14, 1992), No. 92—C—0120; see also *Chapman v. Burton Berger & Associates, Ltd.* (N.D. Ill. 1993), 159 Bankr. 812.

On March 19, 1993, this court entered an order directing the clerk of the circuit court of Cook County to release the record on appeal to defendant Lamar Chapman without costs or fees. On March 23, 1993, a deputy clerk of the circuit court of Cook County released the documents in question to defendant Lamar Chapman pursuant to the March 19, 1993, order. On March 24, 1993, this court entered an order requiring the trial court to conduct a hearing on a motion for trial court determination of payment for the record on appeal in appellate court case number 1—92—2026. After a hearing, the trial court entered an order on April 15, 1993, directing defendant Lamar Chapman to pay the total cost of $869.75 for any and all records in the appeal. This appeal followed.

■ Where defendants have failed to properly perfect any issues in this case for appeal pursuant to *People v. Enoch* (1988), 122 Ill. 2d 176, 186—88, 522 N.E.2d 1124, 1129-32, we will review the merits of said issues pursuant to Illinois Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)), which provides that this court may, in the exercise of its responsibility to insure that a cause has a just result, grant any relief that the case may require. See *City of Wyoming v. Illinois Liquor Control Comm'n* (1977), 48 Ill. App. 3d 404, 407-08, 362 N.E.2d 1080, 1083; *Occidental Chemical Co. v. Agri Profit Systems, Inc.* (1975), 37 Ill. App. 3d 599, 603, 246 N.E.2d 482, 485.

■ First, defendants contend that the trial court had no jurisdiction to enter an April 15, 1993, order against defendant Lamar Chapman for $869.75 because he had never been made a party to the action Bank of Homewood v. Bert Chapman, 89—M6—410. We disagree.

The record shows that the trial court had *in personam* jurisdiction over defendant Lamar Chapman and that he was made a party to this action when the trial court named him as a defendant pursuant to section 2—405 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—405), and other relevant case law. (See *Bank of Homewood v. Chapman* (1993), 257 Ill. App. 3d 337, 345-47.) The trial court later conducted a hearing on the motion for the trial court to determine whether or not defendant Lamar Chapman should pay for the record on appeal pursuant to our order issued March 24, 1993. Accordingly, the trial court's April 15, 1993, order may not be vacated on the basis that the trial court had no jurisdiction over defendant Lamar Chapman.

■ Second, defendants contend that their right to due process guaranteed by the fourteenth amendment to the United States Constitution was abridged by the April 15, 1993, order because said order "impedes equal access to the courts."

It is proper and constitutional for courts in the State of Illinois to collect costs and fees from litigants. (Ill. Rev. Stat. 1991, ch. 33, pars. 29 through 33; *National Cable Television Association, Inc. v. United States* (1974), 415 U.S. 336, 340-41, 39 L. Ed. 2d 370, 374-75, 94 S. Ct. 1146, 1149; *Madden v. Commonwealth of Kentucky* (1940), 309 U.S 83, 88, 84 L. Ed. 590, 593, 60 S. Ct. 406, 408 (a fee is compensation for particular services rendered); *People ex rel. Olson v. Atchison, Topeka & Santa Fe Ry. Co.* (1945), 389 Ill. 204, 207, 58 N.E.2d 916, 918; *Mlade v. Finley* (1983), 112 Ill. App. 3d 914, 919-25, 445 N.E.2d 1240, 1245-48; *People v. Nicholls* (1977), 45 Ill. App. 3d 312, 322-23, 359 N.E.2d 1095, 1104 (the right of appeal of indigent criminal defendants was not unconstitutionally infringed upon by the rule that if their convictions were affirmed on appeal, judgment for costs on appeal would be entered against them, as the government has a legitimate interest in recovering the costs of the administration of justice and there is no denial of due process in so doing).) Accordingly, the order requiring defendant Lamar Chapman to pay the costs of preparing the record was proper and constitutional.

For the aforementioned reasons, the April 15, 1993, order by the trial court is affirmed.

Affirmed.

TULLY, P.J., and CERDA, J., concur.