AT

## DES MOINES, JUNE TERM, A. D. 1884.

IN THE THIRTY-EIGHTH YEAR OF THE STATE.

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
 "  JOSEPH M. BECK,
 "  AUSTIN ADAMS,
 "  WILLIAM H. SEEVERS,   } JUDGES.
 "  JOSEPH R. REED,

---

REDFIELD v. SHELBY COUNTY.

1. **Sheriff:** MILEAGE OF UPON SERVICE OF SUBPŒNAS. Where a sheriff had for service upon one person seven subpœnas in as many state cases, and he made but one trip in serving them all, *held* that he was entitled to mileage for one trip only.

*Appeal from Shelby District Court.*

FRIDAY, JUNE 6.

ACTION for fees alleged to be due for the service of sub-pœnas in state cases. At the time of the service, there were

seven state cases pending in Shelby county, in which the testimony of one Wyland was desired, who resided in Benton county. A subpœna in each case was put into the hands of the plaintiff, as sheriff of Shelby county, for service. He made such service by making one trip, which was a distance of one hundred and ninety six miles, and charged for mileage on each subpœna, as fees, $19.60, and the same was taxed as costs in each case, amounting in all to the sum of $137.20. The plaintiff presented his bill for service, including the sum of $137.20 for mileage, to the board of supervisors, which allowed mileage only for one trip, and disallowed the sum of $117.60, for which this action is brought. The cause was tried without a jury, and judgment was rendered against the plaintiff for costs. He appeals.

*Beard & Myerly*, for appellant.

*Macy & Gammon*, for appellee.

ADAMS, J.—The statute relied upon is section 13, chapter 94, Acts of the Nineteenth General Assembly, and is in these words: "Mileage in all cases required by law, going and returning, per mile, five cents."

Whether, if the plaintiff, with all the subpœnas in his hands at one time, had unnecessarily made a separate trip in each case, he could have charged full mileage for each trip, we need not determine. No officer probably would feel at liberty to make such unnecessary travel. The theory of the statute doubtless is that five cents per mile each way for actual travel is reasonable compensation, and we see nothing in the language of the statute which would justify the allowance of more in a case like the present.

AFFIRMED.