McHENRY v. HOT SPRING COUNTY.

Opinion delivered April 29, 1893.

1.  *Sheriff's fees—Waiting on grand jury.*
    Since no fee is allowed a sheriff for waiting on a grand jury, the county is chargeable with none.

2.  *Sheriff's compensation—Mileage..*
    Where a sheriff arrests a defendant under one of four warrants in his hands, he is entitled to mileage for the miles traveled in execution of only one warrant.

3.  *Arrest without warrant—Mileage.*
    A sheriff who arrests or conveys a prisoner to the county jail without warrant or commitment is not entitled to mileage, upon the subsequent indictment and conviction of said prisoner.

Appeal from Hot Spring Circuit Court.

ALEXANDER M. DUFFIE, Judge.

This cause was decided by the Hot Spring circuit court, on appeal from the county court, on the following agreed statement of facts :

" An agreed statement of facts, on which this cause is submitted to the court, sitting as a jury ;

"1.   The sheriff, T. R. McHenry, by his deputy sheriff, waited on and attended the grand jury at the February term, 1891, of the Hot Spring circuit court for eight days, and presented his claim to the county court, charging three dollars per day as for similar services in waiting on court. The court allowed sixteen dollars on it as a reasonable compensation for such services, and disallowed the balance. The sheriff paid his deputy $2.00 per day.

"2.   The sheriff, T. R. McHenry, by his deputy sheriff, waited on and attended the grand jury of Hot Spring county circuit court for twelve days at the August term, 1891, and presented his claim to the

county court for allowance, charging three dollars per day as for similar service in waiting on court. The county court allowed on it, as reasonable compensation for such service, $24.00; and disallowed $12.00.

"3. *A. B. Turner:* On indictments in the Hot Spring circuit court, the clerk issued four bench warrants against A. B. Turner. He had left the county. The sheriff located him at Helena, Arkansas, had Turner arrested and brought to Malvern, Hot Spring county. The sheriff charged for 176 miles on each bench warrant. The defendant pleaded guilty to one of the four cases, and paid cost including mileage for 176 miles, the full distance traveled. The State, by leave of the court, entered a *nol. pros.* in the other three cases. The sheriff duly presented his claim for mileage to the county court for (in the three cases) $52.80. The county court refused to allow the fees for mileage in these three cases, and disallowed them.

"4. *Sherman Mitchell:* The sheriff was notified that a negro had been robbed of a " peck " of money near Gifford, Hot Spring county, Arkansas. No warrant had issued. The sheriff went to Little Rock to get blood hounds to trail the robber. The marshal telegraphed to the marshal at Arkadelphia. The marshal at Arkadelphia caught the robber. He (the sheriff) went to Arkadelphia, and he and others brought the robber to Malvern. He was tried, convicted and sentenced to the penitentiary. Had no property to pay cost. The sheriff presented his claim for fees for mileage from Malvern to Arkadelphia and return, 23 miles, $2.30. The county court disallowed this claim. There was a reward offered for the apprehension of the robber. It was paid, and the sheriff's part of it was more than the $2.30 charged for mileage.

"5. *Spice Hill:* A horse was stolen in the edge of Malvern—the thief unknown—no warrant had issued.

The sheriff pursued the thief by way of Lono, Jenkins' Ferry, Sheridan, etc. After the sheriff got to Sheridan, he offered a reward of $25. Spice Hill was caught and brought to Malvern, even before the sheriff returned. The sheriff paid the reward. He, Spice Hill, was tried, convicted and sentenced to the penitentiary. He had no property to pay cost. The sheriff duly presented his account for 200 miles traveled: $10. The county court rejected and disallowed it."

The circuit court disallowed all of the above claims. Plaintiff has appealed.

*Hugh McCallum* and *A. Curl* for appellant.

1. The grand jury is part of the court, in contemplation of law a court for which sheriff is allowed a fee for attending. Mansf. Dig. sec. 3247. But if not a court, he should be paid under sec. 3287 which was re-enacted in 1875. This section must mean something; if not, why was it re-enacted after the decision in 25 Ark. 255.

2. The sheriff was bound to make the arrest on *each* warrant. He is entitled to pay for same. 47 Ark. 407.

3. Mansf. Dig. sec. 6325, requires the sheriff to apprehend all felons. The mere fact that he had no warrant should not cut off the sheriff's fees, when he performed the services charged for. 51 Ark. 504.

BATTLE, J. 1 and 2. No fee is allowed a sheriff for waiting on a grand jury, and the county is chargeable with none. *Cole* v. *White County*, 32 Ark. 45; *Logan County* v. *Trimm*, ante, p. 487.

1. Sheriff not entitled to fee for waiting on grand jury.

3. The fact that the sheriff had four warrants for the arrest of A. B. Turner did not entitle him to fees for four arrests. He could not have lawfully arrested him more than once, without setting him at liberty, or his escape, neither of which, it appears, occurred. He was

2. Mileage for serving several writs.

not, therefore, entitled to mileage except for the miles traveled in execution of one arrest. *Fanning* v. *State*, 47 Ark. 442.

3. No mileage for making arrest without warrant.

4. He was entitled to no mileage for taking custody of Sherman Mitchell at Arkadelphia and conveying him to Malvern. The marshal of Arkadelphia, when he arrested Mitchell, should have taken him before the most convenient magistrate of Clark county, the county in which the arrest was made, and if the magistrate, from statements made to him on oath, believed there were sufficient grounds for an examination, he should, by his written order, have committed him to a peace officer to be taken before a magistrate of the county in which the offense was committed. Mansfield's Digest, sec. 2011. The marshal did not pursue this course; and the sheriff, having failed to observe the law, is entitled to no fee from the county for services in violation of it.

5. For arresting Spice Hill without a warrant the sheriff is entitled to no fee from the county for mileage, because the statute allows none, except for miles traveled "in serving each writ, process, notice, subpœna or rule, except county matters." The sheriff displayed commendable zeal in arresting him, but that alone does not make the county liable for the fee charged. See authorities cited above.

Judgment affirmed.

NOTE.—Where a sheriff had for service upon one person seven subpœnas in as many State cases, and he made but one trip in serving them all, *held* that he was entitled to mileage for one trip only. *Redfield* v. *Shelby County*, 64 Ia. 11. A marshal cannot charge mileage for each of several subpœnas served for the same party upon different persons at the same time and place. *Turner* v. *United States*, 19 Court of Claims, 629. *Contra*, under Gen. St. Col. sec. 1441, allowing officers 15 cents for each mile "necessarily" traveled in serving process in criminal cases, a sheriff who serves process issued in different criminal cases at the same time and place is *held* entitled to mileage in each case for the entire distance. *Board of County Com'rs.* v. *Love*, 25 Pac. Rep. (Col.), 557. Where a sheriff at the same time and place posts

notices of two elections, he is entitled to mileage for only one trip. *Logan County* v. *Doan*, 51 N. W. Rep. (Neb.), 598.

In civil cases, it is held that where a plaintiff brings a number of separate suits before a justice of the peace against different defendants, and recovers judgment therein, the constable who served the writs is entitled to demand from the plaintiff, in addition to his fees for service, his mileage *in each case*. The fact that several or all of the defendants lived in the same locality, and that the constable did not make a separate trip to serve each one, is immaterial. *McGee* v. *Dillon*, 103 Pa. St. 433. To same effect, see *Gulf, etc. R. Co.* v. *Dawson*, 69 Tex. 519. (Rep.)