## HEMPSTEAD COUNTY *v.* JONES.

Opinion delivered April 11, 1896.

SHERIFF—FEE FOR SUMMONING SPECIAL JURORS.—A sheriff is not entitled to a fee for summoning special jurors to serve in felony cases, in addition to his mileage, there being no express statutory provision therefor.

Appeal from Hempstead Circuit Court.

RUFUS D. HEARN, Judge.

*J. H. McCollum*, for appellant.

There is no law authorizing the paying or charging for the service of summoning special jurors. By sec. 3318, Sand. & H. Dig., the sheriff is allowed $10 for summoning a petit jury, but no fee is allowed for the services claimed. Constructive fees are not allowed. Sand. & H. Dig., sec. 1237; 25 Ark. 235; 32 *id.* 45; 55 *id*, 387; 56 *id.* 581; 57 *id.* 487, 565.

PER CURIAM. On a trial in the circuit court, it was admitted that the appellee, as sheriff of Hempstead county, had, under order of the circuit court of said county, summoned 45 special jurors to serve in felony cases. The court held that he was entitled to charge the county a fee of 33⅓ cents for each of said jurors, and gave judgment accordingly.

The only question in this case is whether a sheriff is entitled to a fee for summoning special jurors to serve in felony cases, in addition to his mileage. It has been frequently held that sec. 3350, Sand. & H. Dig., which provides that, "in all cases where any officer or other person is required to perform any duty for which no fees are allowed by law, he shall be entitled to such pay as would be allowed for similar services," does not apply to allowances against counties. *Logan County* v. *Trimm*, 57 Ark. 499; *Cole* v. *White County*, 32 Ark. 45. To authorize a county court to allow a claim against a county in favor of an officer, "there must be specific statutory authority to the officer to make a charge for the service rendered." Sec. 1237, Sand. & H. Dig.; *Logan County* v. *Trimm*, 57 Ark. 491. No such authority is given for the allowance of a fee for summoning special jurors to serve in felony cases. The duties of a sheriff are important and arduous. In many of the counties the pay is small. We see no reason why they should not be allowed pay for such services, except that the statute has made no provision for it.

Reversed and remanded.

Bunn, C. J., dissents.