SEWER DISTRICT NO. 1 OF FORT SMITH *v.* SCHOOL DISTRICT OF FORT SMITH.

Opinion delivered January 4, 1902.

SHERIFF—SERVICE OF SUMMONS—FEE.—In a suit to enforce a lien on sixty-six tracts of land belonging to one person, where sixty-six copies of the summons were served on such owner, the sheriff was entitled to one fee therefor, service of one copy only being necessary.

Appeal from Sebastian Circuit Court, Fort Smith District, in Chancery.

STYLES T. ROWE, Judge.

Affirmed.

*Hill & Brizzolara,* for appellants.

Each suit was necessary. Sand. & H. Dig., §§ 5341-5344. If several suits are instituted where one only is necessary, the plaintiff will recover the costs of but one. 5 Enc. Pl. & Pr. 139; 27 Vt. 766; Sand. & H. Dig., § 5708. Motion to retax costs was not the proper remedy. Sand. & H. Dig., §§ 5350-51; 35 Mo. App. 232; 68 Iowa, 231.

*Chas. E. Warner,* for appellee.

An officer can charge for services only actually and officially rendered. Sand. & H. Dig., § 807. The recitals of the motion

to retax costs are admitted, and the motion was proper. Sand. & H. Dig., § 809; 17 Ark. 362. Until sale is had, the costs are not earned. Sand. & H. Dig., §§ 5341-5345.

BATTLE, J. The board of improvement of Sewer District No. 1 of Fort Smith, Arkansas, filed a complaint in equity in the Sebastian circuit court for the Fort Smith district for the condemnation and sale of certain real estate to pay a special assessment levied upon it for the purpose of constructing sewers, of which sixty-six lots or parcels were the property of the School District of Fort Smith, the same having been returned delinquent on account of the nonpayment of the assessment. The school district was made a defendant. A summons was issued, and in the names of the owners and defendants therein commanded to be summoned the name of the school district appeared sixty-six times; and it was served by the delivery to the school district of sixty-six copies of the same.

Was the sheriff entitled to sixty-six fees for serving the summons by the delivery of the sixty-six copies? This is the only question in the case. The circuit court held that he was entitled to only one fee.

The statutes of this state provide that if any assessment upon real property, made for the purpose of constructing a local improvement, shall not be paid within the time prescribed by law, the collector shall add thereto a penalty of 20 per centum, and return a list of such property to the board of improvement as delinquent, which shall straightway cause a complaint in equity to be filed for the condemnation and sale of the same for the payment of such assessment, penalty and costs of suit; that it shall be no objection to any suit brought for said purpose that the lands of two or more owners are joined in the same proceeding, and such suit may be brought against one or more owners; that the owner of the property assessed shall be made a defendant, if known; and that summons shall be issued, and the defendant shall be required to appear and respond within five days after service. Under these statutes all the assessed property of the same owner may be joined in one proceeding, may be made the subject-matter of the same action. When this is done, there is but one action, and the owner is but one defendant. The fact that sixty-six tracts of his land are joined in the same proceeding does not constitute sixty-six actions, or make him sixty-six defendants. The object of the statute in

requiring him to be made a defendant, and that he be summoned to answer the complaint, is to give him notice of the pendency of the proceeding against his property, and the opportunity of setting up his defenses, if he has any. To accomplish this purpose it is not necessary to make him sixty-six defendants and to serve him with sixty-six copies. One is sufficient. The service of the summons by sixty-six copies is only one service, and only one fee therefor is due.

Judgment affirmed.