MILLER COUNTY *v.* MAGEE.

Opinion delivered June 25, 1928.

*Shaver, Shaver & Williams,* for appellant.

*John N. Cook* and *Pratt P. Bacon,* for appellee.

MEHAFFY, J. F. F. Magee, as sheriff of Miller County, filed two claims in the county court, each for fees charged and services rendered by himself and deputies in felony cases in the municipal court at Texarkana, Arkansas. Both claims were disallowed, and from the order of disallowance Magee appealed to the circuit court, where the claims were allowed and judgment entered in favor of appellee. The facts are undisputed.

The appellant first contends that there is no law authorizing any fee for serving a warrant of arrest by the sheriff of Miller County. It is contended that § 4587 of Crawford & Moses' Digest and amendments thereto, enumerating sheriffs' fees, do not specify any fee for

serving a warrant of arrest. And appellant further contends in this connection that § 2034 of Crawford & Moses' Digest expressly prohibits the county court from allowing constructive fees to be paid officers by any county in this State. Appellant alleges that its main contention involves the construction of act 138 of 1917, at page 734, creating the municipal court of Texarkana, Arkansas.

If appellant is correct in his contention that there is no law authorizing any fee for serving a warrant of arrest by the sheriff of Miller County, the sheriff would not be entitled to any fees for serving a warrant. The right of a sheriff to charge fees is derived from and dependent upon statute, and he is not entitled to any compensation except such as is given him by law, and he can recover no compensation or fees where the law provides none. 35 Cyc. 1547.

This court, speaking through Chief Justice COCKRILL, said: "Observance of a few general rules deducible from the statutes and decisions will serve to simplify the questions. Three things must be found to concur before the county court is authorized to allow a claim against a county in favor of an officer for fees: (1) There must be specific statutory authority to the officer to make a charge for the service rendered; (2) he must be required by the statute, or by the rules of practice or order of the court, to perform the service; (3) the statute must indicate expressly or by fair intendment the intention to permit the fee allowed by the statute for the service to be charged against the county." *Logan County* v. *Trimm,* 57 Ark. 487, 22 S. W. 164; *McHenry* v. *Hot Spring County,* 57 Ark. 565, 22 S. W. 175; *Hempstead County* v. *Jones,* 62 Ark. 272, 35 S. W. 230.

In all these cases the court held that the sheriff was not entitled to fees as against the counties, unless there was specific statutory authority to the officer to make a charge for the services rendered. It is therefore settled by the decisions of this court that no claim for fees can be allowed against a county unless authorized by statute.

Appellant's contention is that there is no authority in the statute for charging a fee for serving a warrant, because it states that § 4587 of Crawford & Moses' Digest enumerates the fees allowed sheriffs, and that no fee for serving a warrant of arrest is specified therein. It is then insisted that the several amendments do not apply to Miller County, and that act No. 35 of the session of 1923 amends the act, and does not except Miller County, but contends that it does not specify any fee for serving a warrant of arrest.

Act No. 35 of the special session of 1923 provides for sheriff's fees, and is an amendment of act No. 386 of the Acts of 1923, and, while it is admitted that it does not except Miller County, it is contended that it does not specify any fee for serving a warrant of arrest. The title of the act itself makes it applicable to Miller County and provides for serving every capias, summons, *scire facias* or attachment for each defendant and garnishee, 75 cents.

Act 220 of the 1925 Legislature is an act to regulate fees for sheriffs of Arkansas, and provides, for serving every warrant of arrest, $1. This act, however, excepts Miller County, or rather provides that this act shall not apply to a number of counties, including Miller County.

Act 100 of the Acts of 1927 is an act to amend § 3 of act 220 of the Acts of the General Assembly of 1925. Section 3 is the section which contains the proviso that the act shall not apply to Miller County. This act, 100, provides also that its provisions shall not apply to Miller County, and that would leave act No. 35 of the special session of 1923 in force as to Miller County. It is true that the acts other than act 220 of 1925 did not specifically mention by name "warrants of arrest" and fix a fee for serving same, but it does provide for a fee for serving every capias.

Capias is defined in Corpus Juris as a writ directing the sheriff to take the person of defendant into custody. And the note in Corpus Juris, taken from Bouvier's Law Dictionary, among other things says, after describing its

origin: "It came to denote the whole class of writs by which defendant's person was to be arrested." 9 C. J. 1276. The object of the writ is to arrest the defendant, or, as stated in the text, "a writ directing the sheriff to take the person of the defendant into custody."

The Kentucky court has said: "But the court had made no order of this sort, and there was no sentence of imprisonment. They had a right at any time to pay or replevy the fine and costs. It is equally clear that they were not held under a capias or mittimus, for the word 'capias' here is used in a broad sense, and includes a writ for the holding of the person. No writ of any kind had issued." *Saylor* v. *Commonwealth,* 122 Ky. 776, 93 S. W. 48.

Byrnes' Law Dictionary defines capias as follows: "Capias (that you take) is the generic name for several writs directing the person to whom they are addressed to arrest the person therein named. They are, or were, usually directed to the sheriff, and are, or were, of the kinds mentioned in the seven titles next following."

Cyclopedic Law Dictionary is as follows: "A writ directing the sheriff to take the person of the defendant into custody. It is a judicial writ, and issued originally only to enforce compliance with the summons of an original writ, or with some judgment or decree of the court. It was originally issuable as a part of the original process in a suit only in case of injuries committed by force or with fraud, but was much extended by statutes. Being the first word of distinctive significance in the writ, when writs were framed in Latin, it came to denote the whole class of writs by which a defendant's person was to be arrested. It was issuable either by the court of common pleas or King's bench, and bore the seal of the court."

We therefore think the word capias in the statute is broad enough to include, and does include, warrant of arrest.

Appellant, however, says that its main contention is that act 138 of 1927 was intended to and did provide that

all the work and service for which the appellee has charged in this case should be done by the constable of Garland Township, who received a salary of $1,200 a year. There is nothing in this act that justifies the conclusion that the sheriff should not thereafter make arrests in felony cases or that, if he did make them, he should have no pay for it.

Section 46 of art. 7 of the Constitution provides that the qualified electors of each county shall elect one sheriff, who shall be ex-officio collector of taxes, unless otherwise provided by law. Section 9147 of Crawford & Moses' Digest provides for the election of a sheriff for a term of two years, with such duties as are now or may be prescribed by law.

Section 9156 of Crawford & Moses' Digest provides: "Every sheriff shall be a conservator of the peace of his county, and shall cause all offenders against the laws of this State, in his view or hearing, to enter into recognizance to keep the peace and appear at the next term of the circuit court of the county; and, on failure of the offender to enter into recognizance, to commit him to jail."

Section 9160 provides that the sheriff shall execute all process directed to him by legal authority.

And we think it perfectly clear that it was not the intention of the Legislature to prohibit the sheriff from serving warrants of arrest in Garland Township or elsewhere in Miller County, but that he is not only authorized to serve them, but, if issued and directed to him, he is bound under the statute to serve them, and is entitled to fees provided by statute.

Appellant insists that it was not contemplated by the Legislature that double costs should be charged against the county. We think that is correct, but that paying the sheriff for services performed does not amount to charging the county with double costs. It was evidently the intention of the Legislature in passing the act to provide as nearly as it could for a proper and equitable distribution of the costs between the city and the county.

And the fact that the act makes it the duty of the constable to serve the court's process does not of itself prohibit the sheriff from serving warrants when called upon to do so. If, under the provisions of the act, the county is called upon to pay more than it should, this is a matter that can be corrected and regulated by the Legislature, but not by the courts.

The judgment of the circuit court is affirmed.