Dear Mr. McBride:
This letter is in response to your questions asking:
 1. Is it proper that a county sheriff refuse to serve process in either a criminal or civil case unless a deposit of such an amount as determined by the sheriff has been made by the requesting authority?
 2. In counties of the third class, does section 57.280 RSMo Supp. 1980 provide for sheriff's fees in criminal cases or must the fees set forth in section 57.290 RSMo Supp. 1980 be used?
 3. What fee is allowed a sheriff for serving a warrant in a criminal case?
 4. What fee is allowed a sheriff for serving a summons as provided by Supreme Court Rule 21.03 in a criminal case?
 5. What fee is allowed a sheriff for each return for non est on a summons as provided by Supreme Court Rule 21.03 in a criminal case?
In answer to that part of your first question asking whether the sheriff has authority to require the payment of a deposit before service is rendered in civil cases, we enclose copies of our Opinions No. 32, 4/14/39, Gerster, and No. 44, 10/22/45, Impey, both of which concluded that the sheriff is not entitled to a fee for services rendered until the litigation is ended.
Insofar as your first question concerns the service of process in criminal cases, we point out that Chapter 550, RSMo, governs the determination of costs in criminal cases, and therefore the sheriff in cases in which costs are determined pursuant to Chapter 550, RSMo, would not have the right to require payment of the fee prior to rendering the service.
Therefore, in the absence of a clear provision authorizing the sheriff to require the payment of a fee or deposit before services are rendered, sheriffs are not entitled to refuse to serve process because a deposit or prepayment has not been made as determined by the sheriff.
Your second question asks whether in counties of the third class, § 57.280, RSMo Supp. 1980, provides for sheriff's fees in criminal cases or whether such fees come under § 57.290, RSMo Supp. 1980. It is our view that § 57.290 relates to fees in criminal cases, and § 57.280 relates only to fees in civil cases.
Your third question asks what fee is allowed a sheriff for serving a warrant in a criminal case. Section 57.290 provides for a two dollar fee for serving and returning each capias for each defendant and provides a five dollar fee for serving a writ of attachment for each person actually brought into court. Prior to the amendment of § 57.290, that section provided a one dollar fee for either serving a capias or for serving a writ of attachment, and therefore it appears the question did not seem important until the amendment. It has been held that the "capias" includes a warrant of arrest, Miller County v. Magee,7 S.W.2d 973, 975 (Ark. Supp. 1928). It is our view that the two dollar fee for serving a capias under § 57.290 is the fee which is to be charged for serving a warrant of arrest in a criminal case.
Your fourth question asks what fee a sheriff is allowed for serving a summons as provided by Supreme Court Rule 21.03 in a criminal case. Rule 21.03 provides:
 Upon the filing of an information or the return of an indictment charging the commission of a misdemeanor a summons shall be issued unless there is reasonable ground for the court to believe that the defendant will not appear on the summons in which event a warrant of arrest for the defendant shall be issued.
It seems clear that Supreme Court Rule 21.03 makes a distinction between the issuance of a summons and a warrant of arrest. Section 57.290 does not provide for any fee to be charged for the issuance of a summons to such a defendant. However, § 57.290 provides a one dollar fee for serving any rule of court or notice. It is our view that the service of such a summons constitutes the service of a notice under the provision of § 57.290 authorizing a one dollar fee for the service of any notice, and therefore, the one dollar fee should be charged for serving such a summons.
Your fifth question asks what fee is to be charged a sheriff for each return of a non est on a summons under Supreme Court Rule 21.03 in a criminal case. Section 57.290 does not provide for any such fee, and we know of no statutory provision which does so provide. Therefore, it is our view that no fee can be charged for a return of a non est on a summons in a criminal case under Supreme Court Rule 21.03.
Very truly yours,
 JOHN ASHCROFT Assistant Attorney General
Enclosures Att'y Gen. Op. No. 32, Gerster, 4/14/39 Att'y Gen. Op. No. 44, Impey, 10/22/45