R. Scott CAMPBELL *v.* Clay WHITE, Sheriff of Garland County, Arkansas

87-278                                         746 S.W.2d 42

Supreme Court of Arkansas
Opinion delivered March 7, 1988

*Campbell & Campbell*, by: *R. Scott Campbell*, pro se.

*Carl A. Crow, Jr.*, Prosecuting Attorney, for appellee.

TOM GLAZE, Justice. Appellant, a practicing attorney, represented clients in their efforts to satisfy twelve separate judgments, and in doing so, appellant had twelve writs of execution issued and placed in the hands of the appellee, the Garland County Sheriff. For various reasons, the sheriff was unable to obtain service on any of these writs, and he noted those reasons on each writ upon making his returns. In each case, the sheriff charged and collected a total fee of $60.00, which represented $50.00 for the service and $10.00 for the return of each writ. Appellant brought this action, alleging the sheriff was not entitled to the $50.00 fee when the sheriff was unable to serve the writs for the following reasons: (1) the appellant failed to furnish a bond, (2) bankruptcy court orders prohibited service, (3) the defendants had moved out of the state, (4) the appellants recalled the writs, and (5) no properties were available upon which to levy. The trial court disagreed with appellant's assertions and held all the fees collected by the sheriff were authorized by law. On appeal, appellant, citing Ark. Code Ann. § 21-6-307 (1987), contends the sheriff's collections were not allowed by law in the cases where the sheriff did not complete service of the writs.

Section 21-6-307 sets forth the fee amounts a sheriff may charge for his services, and under provision (a)(2) of that

statute, a sheriff can charge $50.00 for "serving a writ of execution." Provisions (a)(3) and (a)(4) of the same statute respectively provide that the sheriff may charge a 7% commission "for receiving and paying money on execution or process when lands or goods have been taken into custody, advertised, or sold" and a $10.00 fee for "every return of a writ . . . ." In addition, Ark. Code Ann. § 16-58-114 (1987) provides, in pertinent part:

> That no sheriff shall be compelled to execute any writ unless the person in whose favor the writ is issued, his agent or attorney, shall first tender to the officer a sufficient sum of money to pay the cost of the service and mileage from the courthouse to the usual place of abode of the defendant, or other person named in the writ.

When considering these statutory laws that set forth what a sheriff may charge in connection with writs of execution, it is paramount to remember that the right of a sheriff to charge fees is derived from and dependent upon statute. A sheriff is not entitled to any compensation except such as is given to him by law and he can recover no compensation or fees where the law provides none. *Miller County* v. *Magee*, 177 Ark. 752, 7 S.W.2d 973 (1928); *contra see Garbenis* v. *Elrod*, 118 Ill. App. 3d 11, 454 N.E.2d 719 (1st Dist. 1983); *see generally*, 70 Am. Jur. 2d *Sheriffs, Police, and Constables* § 83 (1987).

In view of the applicable and controlling law here, the narrow issue for us to decide is whether § 21-6-307(a)(2), which authorizes $50.00 for "serving a writ of execution," is intended to allow such a fee when the sheriff is unable to levy upon a defendant's property or to notify a defendant, by serving him a copy of the writ, of the sheriff's intention to levy on the defendant's property. We hold the statute, under these circumstances, does not authorize a fee.

A "writ of execution" is defined as a formal process issued by a court generally evidencing the debt of the defendant to the plaintiff and commanding the officer to take the property of the defendant in satisfaction of the debt. *Black's Law Dictionary*, 510 (5th ed. 1979). The "service of an execution" has been explained to include every act and proceeding necessary to be taken by the sheriff to make the money and includes the property

when necessary. *Fallows* v. *Continental Savings Bank*, 235 U.S. 300 (1914); *see also* 30 Am. Jur. 2d *Executions* § 207 (1967). Finally, we note that "service of process," which as defined includes writs, signifies the delivering to or leaving them with the party to whom or with whom they ought to be delivered or left; and, when they are so delivered, they are then said to have been served. *Black's Law Dictionary*, 1227 (5th ed. 1979).

■■ In keeping with the common meaning of the terms used in § 21-6-307(a)(2), we conclude the General Assembly intended that, before a sheriff can collect a fee for service of a writ of execution, he must levy upon a defendant's property or at least serve the defendant with a copy of the writ when the sheriff's attempt to levy upon the defendant's property proves unsuccessful. If the law were otherwise, an officer could collect such a fee and subsequently make little or no effort to serve a writ of execution. Our view is further supported by the fact that, in those cases when the sheriff is unsuccessful in serving the writ of execution, he, by law, is authorized mileage and cost of service, including the $10.00 fee to which he is entitled upon making the return of the writ. Ark. Code Ann. §§ 16-58-114, 21-6-307(a)(4).

Because the appellee in the instant case was unable to serve most of the writs of execution given him by the appellant, we must hold the trial court erred in finding the appellee was entitled to the statutory $50.00 fee. Accordingly, we reverse and remand with directions for the trial court to proceed consistent with this court's opinion.

HICKMAN, J., dissents.