The Honorable Will Feland Prosecuting Attorney P.O. Box 423 Lonoke, AR 72086
Dear Mr. Feland:
This is in response to Deputy Prosecuting Attorney Larry K. Cook's request for an opinion on whether A.C.A. § 21-6-307(14) (1987) still authorizes sheriffs to charge a $25.00 fee for serving warrants or orders of arrest, and whether it would be a violation of Arkansas law for local police departments or other law enforcement agencies to charge a $25.00 fee for serving warrants of arrest.
In response to your first question, A.C.A. § 21-6-307(14) (1987) still authorizes sheriffs to charge a $25.00 fee for serving warrants or orders of arrest from any court.
In response to your second question, a law enforcement agency's authority to charge fees would generally appear to depend upon its officers' authority to charge fees. While it is clear that police officers and other peace officers in this state are authorized to execute arrest warrants, see A.C.A. § 16-81-104
and -105 (1987)), it is unclear whether they are entitled to charge a fee for such service. In Miller County v. Magee,177 Ark. 752, 7 S.W.2d 973 (1928), the Arkansas Supreme Court held that "the right of a sheriff to charge fees is derived from and dependent upon statute, and he is not entitled to any compensation except such as is given to him by law." See alsoCampbell v. White, 294 Ark. 656, 746 S.W.2d 42 (1988). Arguably, this would be true of any officer's right to charge fees.
While there appear to be no general statutes authorizing police officers or other law enforcement officers to charge fees for serving arrest warrants, there are specific statutes authorizing certain officers to do so. For example, in A.C.A. § 14-52-202(b) (Cum. Supp. 1991), police chiefs and their deputies are authorized to charge, for the service of city warrants only, the same fee sheriffs are authorized to charge for similar service under A.C.A. § 21-6-307 (1987). Thus, for the service of city warrants, it appears that the police department would be entitled to charge the $25.00 fee sheriffs charge for serving warrants. Similarly, coroners are authorized to receive the same fees sheriffs receive when performing the duties of a sheriff. See
A.C.A. § 21-6-304(b) (1987). In addition, city marshals are given like powers and responsibilities as sheriffs and constables, and are entitled to receive like fees. See A.C.A. § 14-44-113(d) (1987). Finally, constables are specifically authorized to charge $2.00 for service of a warrant in a criminal case. See A.C.A. §21-6-308 (1987).
Applying the latin maxim of expressio unius est exclusioalterius to these provisions, the expression of the right to charge fees found therein implies the exclusion of other such rights to charge fees, absent specific statutory authority. This result is consistent with the principle deducible from MillerCounty v. Magee, supra, and Campbell v. White, supra, that no right to charge fees exists independent of that specifically provided by law. In any event, it is clear that in order for a county to be held accountable for a claim by an officer for fees (presumably when the defendant fails to pay them), three requirements must be met:
 (1) There must be specific statutory authority to the officer to make a charge for the service rendered;
 (2) He must be required by the statute, or by the rules of practice or order of the court, to perform the service;
 (3) The statute must indicate expressly or by fair intendment the intention to permit the fee allowed by the statute for the service to be charged against the county.
See Miller County v. Magee, supra.
In my opinion, all of the above provisions indicate that police officers and other law enforcement officers are only entitled to charge fees for serving warrants as specifically authorized by law.
I have found one statute that might be construed to authorize police officers and other law enforcement officers to charge $25.00 for serving an arrest warrant in limited circumstances. Arkansas Code Annotated Section 16-58-108 (1987) provides:
 The court, for good cause, may appoint a person to serve a particular process or order, who shall have the same power to execute it which a sheriff has. The person may be appointed on the motion of the party obtaining the process or order, and the return must be verified by his affidavit. He shall be entitled to the fees allowed to the sheriff for similar services.
Pursuant to this statute, one could reasonably argue that if a court, for good cause, appoints a police officer or other law enforcement officer to serve an arrest warrant, that officer is entitled to the $25.00 fee the sheriff is allowed for serving such a warrant.
In conclusion, it is not entirely clear whether it is lawful for a police officer or other law enforcement officer to charge $25.00 for serving an arrest warrant. Certainly it would be lawful when specifically authorized by statute, as it is for certain officers under certain circumstances as noted herein. Absent such specific authorization, however, it is my opinion that charging the fee would only be lawful if A.C.A. § 16-58-108
were construed to provide specific authorization when the court has appointed the police officer or other law enforcement officer to serve an arrest warrant.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch