The Honorable Art Givens State Representative 301 Brookwood Road Sherwood, AR 72116
Dear Representative Givens:
This is in response to your request for an opinion concerning the duty of and funding for sheriffs' departments to transport certain offenders from one county to another. Your specific questions are as follows:
 1. Can a chancery court order a sheriff to go outside of the sheriff's county to pick up an individual for the chancery court when the issue involved is child support enforcement or other domestic relations problems?
 2. If the judge has the inherent right to order the sheriff's department to go to one of the other 74 counties to pick up a particular individual and transport him/her back to Pulaski County, does the court have to provide specific funding [f]or the transportation, such as a court cost to reimburse the sheriff's department?
 3. Is the sheriff's department an independent branch of government or does it fall under the supervision of the judicial system, when the judicial system needs an individual transported from an out of county area back to a home county area?
In my opinion the answer to your first question is "yes." A chancery court has the authority to order a sheriff to go outside his county to pick up individuals for the court when the issue involved is child support enforcement or other domestic relations problems.
With regard to the issue of child support enforcement,
Arkansas Code of 1987 Annotated § 9-14-233 states:
 (a) All child support which becomes due and remains unpaid shall accrue interest at the rate of ten percent (10%) per annum.
 (b) The court shall award a minimum of ten percent (10%) of the support amount due as attorneys' fees in actions for the enforcement of payment of support provided for in the order.
 (c) Collection of interest and attorneys' fees may be by executions, proceedings of contempt, or other remedies as may be available to collect the original support award.
When child support payments are overdue, the court may cause the obligor's property to be immediately surrendered to the sheriff of the county where the property is located and sold. A.C.A. §9-14-231. Additionally, when arrearages are reduced to judgment, the court may enforce the orders through contempt proceedings.See A.C.A. §§ 9-12-314(d), 9-14-234(c), and 9-14-309.
As a general matter, the sheriff has a duty to "[e]xecute all process directed to him by legal authority." A.C.A. §14-14-1301(a)(5)(B)(ii). Process is defined as "a writ or summons issued in the course of judicial proceedings." A.C.A. §16-55-102(a)(16). A writ is defined as "an order or precept in writing, issued by a court, clerk, or judicial officer." A.C.A. §16-55-102(a)(23). "Process, in the sense of the statutes, is a comprehensive term which includes all writs, rules, orders, executions, warrants or mandates issued during the progress of an action, even those used to carry a judgment into effect, including a commitment to prison for a criminal offense or for contempt." Henderson v. Dudley, 264 Ark. 697, 709,574 S.W.2d 658, 665 (1978). The sheriffs of each of the counties are regarded as sheriffs of the chancery courts. A.C.A. § 16-13-316. Any peace officer to whom any criminal summons or warrant of arrest is directed may serve or execute it in any county in the state. A.C.A. § 16-81-105.
Although it is not clear from the wording of your question, if your inquiry aims to focus on the enforcement of child support orders through contempt proceedings, A.C.A. § 16-10-108 states:
 (a) Every court of record shall have power to punish, as for criminal contempt, persons guilty of . . .
* * *
 (3) Willful disobedience of any process or order lawfully issued or made by it;
 (4) Resistance, willfully offered, by any person to the lawful order or process of the court;
* * *
 (b)(1) Punishments for contempt may be by fine or imprisonment in the jail of the county where the court may be sitting, or both, in the discretion of the court.
Chancery courts are, by statute, courts of record to which the above powers to punish by contempt do apply. A.C.A. § 16-13-303.
With regard to the enforcement of child support orders, the Arkansas Supreme Court in Henderson v. Dudley, supra, stated:
 Among the duties of a sheriff are the execution of process directed to him by legal authority . . . and the performance of all acts required of him by law.
* * *
 [T]he disobedience of any valid judgment, order or decree of a court having jurisdiction to enter it is such an interference with the administration of justice as to constitute contempt. Punishment for such contempt is an inherent power of the court.
* * *
 [T]he status of the sheriff as an officer of the chancery court is beyond doubt. Certainly it is essential that a court in which a sentence is imposed for contempt be in a position to see that its sentence is made effective. [Citations omitted.]
264 Ark. at 707, 710-711.
In sum, it appears that a chancery court is vested with authority to order a sheriff to go to another county to make arrests, including arrests for contempt for failure to comply with orders of child support.[1]
With regard to the second part of your first question, pertaining to the enforcement of other chancery orders relating to domestic relations problems, A.C.A. § 9-12-313 states:
 Courts of equity may enforce the performance of written agreements between husband and wife made and entered into in contemplation of either separation or divorce . . . by sequestration of the property of either party . . . or by such other lawful ways and means, including equitable garnishments or contempt proceedings, as are in conformity with rules and practices of courts of equity.
Orders can thus be enforced through property sequestration,[2] garnishment or contempt proceedings. Sheriffs are granted specific authority to serve orders of attachment and garnishment. See A.C.A. §§ 16-110-108,16-110-110, 16-110-111 and 16-110-402 (Cum. Supp. 1991). The authority of sheriffs to serve contempt citations and make arrests therefor are also well established, as set out in the preceding paragraphs.
While it is not within the scope of this opinion to contemplate every situation wherein a domestic relations dispute may necessitate the need for law enforcement intervention, one other situation in particular does merit discussion. Specifically, in cases of domestic abuse, a chancery court may legally order a sheriff to make arrests of offenders outside the sheriff's county. Pursuant to the Domestic Abuse Act, A.C.A. §§ 9-15-201—211 (Cum. Supp. 1991), if an order of protection is violated, the court may issue an order requiring the violator to appear and show cause why he should not be found in contempt. A.C.A. §9-15-210.
With regard to your second question, there appears to be no independent basis for the chancery court setting up a specific funding mechanism to reimburse sheriffs for transporting an individual from one county to another pursuant to the child support or domestic relations issues set out above. Rather, the fees a sheriff may charge are specifically set out at A.C.A. §21-6-307, which states in pertinent part:
 (a) The following fees shall be charged by each of the sheriffs of the several counties of the State of Arkansas:
 (1) For serving every summons, capias, scire facias, attachment, writ of garnishment, writ of injunction, or subpoena ....... $15.00
(2) For serving a writ of execution ... $50.00
 (4) For every return of a writ, summons, or subpoena, original or judicial ...... $10.00
 (8) For serving each order, notice, or rule of any court ....... $15.00
 (11) For returning each execution or attachment ....... $10.00
 (14) For serving warrant or order of arrest from any court ....... $25.00
 (f) The fees set forth in this section shall be the sole and exclusive fees to be charged by the sheriffs of the several counties of this state for each of the services enumerated in this section.
Additionally, A.C.A. § 21-6-504 states:
 (a)(2) In no case shall either of the officers or other person charge or receive pay or mileage in serving any writ, process, or subpoena in a criminal case for more than the actual number of miles traveled.
In McHenry v. Hot Spring County, 57 Ark. 565, 22 S.W. 175
(1893), the Arkansas Supreme Court indicated that a sheriff, in traveling from Hot Spring County to Clark County to execute a criminal arrest warrant, was entitled to reimbursement for his mileage in arresting the defendant.
Thus, while the chancery court appears to have no general authority to establish a court cost to reimburse a sheriff for transporting an individual, the sheriff may nevertheless collect the fee for his services and mileage pursuant to the above provisions.
Your third question appears to focus on the independence of a sheriff's department in connection with transporting individuals. With regard to this issue, the Arkansas Supreme Court has stated in Henderson v. Dudley, supra: "The sheriff is an officer of the court for the purpose of carrying into execution sentences imposed by the court. . . . The status of the sheriff as an officer of the courts in his county seems to be beyond doubt. He has been called the executive arm of the court." 264 Ark. at 710, n. 2, citing Merrill v. Phelps, 52 Ariz. 526, 84 P.2d 74
(1938).
It thus seems clear that, within the context of your question, a sheriff is an officer of the court and he falls within the supervision of the judicial system.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
[1] The Revised Uniform Reciprocal Enforcement of Support Act, A.C.A. §§ 9-14-301—344, should be consulted with regard to enforcement of child support claims where the parties live in different states.
[2] Black's Law Dictionary 1225 (5th ed. 1979) defines sequestration as "the process by which property or funds are attached pending the outcome of litigation."