The Honorable Robert Dittrich Prosecuting Attorney 11th Judicial District-East 305 S. College, P.O. Box 6 Stuttgart, AR 72160-0006
Dear Mr. Dittrich:
This is in response to your request for an opinion on the following two questions regarding whether a sheriff may charge a fee in connection with the posting of cash bond by a criminal defendant:
 (1) Can a sheriff in Arkansas lawfully charge a fee when a criminal defendant posts cash with the sheriff to secure release of a defendant in a criminal action?
 (2) If a fee can lawfully be charged, what are the parameters of the fee and upon what is it based?
In response to your questions, it is well-settled that a sheriff's right to charge fees is derived from and dependent upon statute, and that he or she is not entitled to any compensation except such as is provided by law. Campbell v. White,294 Ark. 656, 746 S.W.2d 42 (1988); Miller County v. Magee,177 Ark. 752, 7 S.W.2d 973 (1928). Arkansas Code Annotated Section21-6-307(a)(15) (1987) provides that a sheriff shall charge $10.00 for "taking and entering every bail or delivery bond." When a criminal defendant posts cash for bail with a sheriff, the sheriff presumably takes and enters a cash bail bond; if so, it is my opinion that the sheriff may lawfully charge the $10.00 fee provided by § 21-6-307(a)(15). See A.C.A. § 16-84-101(5) (Cum. Supp. 1993), defining the "taking of bail." See also Op. No. 88-277. I am aware of no other fee a sheriff is authorized to charge for or in connection with this service.
As you note in your opinion request, Arkansas Rule of Criminal Procedure 9.2 appears to authorize, in some circumstances, the retention of 10% of a deposit made in connection with an unsecured bond. Rule 9.2(b)(ii) provides that when a judicial officer sets money bail, one of his or her options is to order the execution of an unsecured bond in a specified amount, accompanied by a deposit of cash or securities equal to ten percent (10%) of the face amount of the bond. The rule further provides that ninety (90%) percent of the deposit shall be returned at the conclusion of the proceedings, barring a default by the defendant. This results in the retention of 10% of the deposit by some entity. Although the rule does not address this issue, it appears that the proper city or county official with whom the money is deposited must hold it for disposition in accordance with the orders of the court having jurisdiction to try the offense. See A.C.A. § 16-84-115 (Cum. Supp. 1993). While the sheriff might be the proper county official in some instances to hold such a deposit, see A.C.A. § 16-84-102 (Cum. Supp. 1993), the 10% of the deposit that may be retained could not, in my opinion, be considered a fee charged by the sheriff for this service, and must be disposed of in accordance with the orders of the court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh