The Honorable Pat Flanagin State Representative 935 North Washington Forrest City, Arkansas 72335
Dear Representative Flanagin:
This is in response to your request for an opinion on the following questions:
 1. In the event a City of Brinkley warrant is put in the Arkansas Crime Information Center computer and actually served by another jurisdiction, another police department or police agency, would the Brinkley Police Department still be allowed to charge a warrant service fee?
 2. If multiple cases are listed on one warrant and the defendant is arrested on that warrant, would the City be allowed to collect the $25.00 for each case listed on the warrant or only one $25.00 fee for the one physical warrant served?
Your request refers to A.C.A. § 14-52-202(b)(3) (Supp. 1995), which provides:
 For serving city warrants only, the chief of police [of a city of the first class] or his deputies shall be entitled to the fees allowed to the sheriffs under § 21-6-307 for similar services in similar cases.
Arkansas Code Annotated § 21-6-307(a)(14) (Supp. 1995) provides that sheriffs shall charge $25.00 "[f]or serving [a] warrant or order of arrest from any court."
In my opinion, the answer to your first question is "no."
The right of a sheriff to charge fees is wholly dependent upon statutory authorization. Campbell v. White, 294 Ark. 656, 746 S.W.2d 42 (1988);Miller County v. Magee, 177 Ark. 752, 7 S.W.2d 973 (1928). This office has opined that the same is true with respect to municipal police and other law enforcement officers. Op. Att'y Gen. 91-268. The statutes cited above clearly provide for the imposition of a fee for performing the act of serving a warrant or order of arrest; they do not purport to authorize officials who do not serve a warrant or order to charge a fee for its service by someone else. The Supreme Court of Arkansas has held that a sheriff is not entitled to charge the fee authorized by A.C.A. §21-6-307(a)(2) for "serving a writ of execution" where the sheriff was "unable to levy upon a defendant's property or to notify a defendant, by serving him a copy of the writ, of the sheriff's intention to levy on the defendant's property." Campbell, 294 Ark. at 658. The court's opinion clearly proceeds upon the proposition that the fees permitted by A.C.A. § 21-6-307 are fees for services actually rendered and acts actually taken, and concludes that unsuccessful efforts to perform the service are insufficient to permit the imposition of the fee. The court's reasoning would, in my opinion, apply with even greater force in the case you put forth, where the municipal police would not necessarily have even made any attempt to serve the warrant.
With respect to your second question, it is my opinion that only one fee per warrant may be imposed under A.C.A. § 14-52-202(b)(3), regardless of the number of charges to which the warrant relates.
Neither A.C.A. § 14-52-202(b)(3) nor A.C.A. § 21-6-307(a)(14), in authorizing the imposition of fees for the service of warrants, makes any reference to the number of cases or charges to which the warrant relates. The plain language of the statutes thus suggests that the number of charges is irrelevant. The plain language of a statute is the principal guide to its meaning. Hercules Inc. v. Pledger, 319 Ark. 702,894 S.W.2d 576 (1995). My interpretation is also consistent with the proposition, illustrated by Campbell, that the statutes authorize fees for services actually rendered and acts actually performed. In this regard, one might note the case Sewer Dist. No. 1 of Fort Smith v. School Dist.of Fort Smith, 70 Ark. 59, 66 S.W. 152 (1902), where it was held, under prior law, that the sheriff was entitled to only one fee for serving 66 copies of a summons on the (single) owner of 66 tracts of land being foreclosed upon, the court stating that service of only one copy was necessary. "The service of the summons by sixty-six copies is only one service, and only one fee therefor is due." Id. at 61. See also A.C.A. §21-6-307(d) ("If more persons than one are named in a writ, process, or subpoena, fees shall be charged for each named, unless parties reside or are employed in the same location").
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh