The Honorable Thomas G. Baker State Representative Route 1, Box 80 Alicia, Arkansas 72410-9717
Dear Representative Baker:
This official Attorney General opinion is issued in response to your recent questions regarding the collection of fees for "hot checks." You have asked:
 (1) Is it permissible for a sheriff (or the sheriff's employees) to charge an additional $15.00 per check above the regular hot check fee to collect hot checks for businesses and individuals?
 (2) Is it permissible for a sheriff to enter into a contract (in the amount of $10,900.00) for the services of a county employee to collect on hot checks while off duty, if that employee's on-duty job is also to collect on hot checks, and if that employee also administers the hot check fund out of which his off-duty contract is paid?
 (3) Can the sheriff enter into such a contract without taking bids for the job?
RESPONSE
Question 1 — Is it permissible for a sheriff (or the sheriff's employees)to charge an additional $15.00 per check above the regular hot check feeto collect hot checks for businesses and individuals?
It is my opinion that it is not permissible for a sheriff (or for the sheriff's employees, or any other official who is duly authorized to collect on hot checks) to charge the writer of the hot check any additional amount above the maximum service charge that is authorized by law ($20.00 per check) to collect hot checks for businesses and individuals.
The provisions of the "Arkansas Hot Check Law" (A.C.A. §§ 5-37-301 through -307) authorize charging the hot check writer a service charge for the collection of "hot checks." These statutes establish a limit on the amount of that service charge. The service charge cannot exceed $20.00.
The Arkansas Supreme Court had the opportunity to interpret the Hot Check Law's limited service charge in Cheqnet Sys. v. State Bd. of CollectionAgencies, 319 Ark. 252, 890 S.W.2d 595 (1995). At the time that case was decided, the service charge was limited to $15.00. The court interpreted the $15.00 limitation literally, stating:
 The cited statutes provide that the service charge shall not exceed $15.00 per dishonored check. The first rule in interpreting a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. McCoy v. Walker, 317 Ark. 86, 876 S.W.2d 252 (1994). We have no hesitancy in holding that the General Assembly intended to prohibit the party holding a dishonored check from assessing a collection fee in excess of $15.00 per check.
Cheqnet Sys., 319 Ark. at 253 (emphasis added).
Both the plain language of the Arkansas Hot Check Law and the Arkansas Supreme Court's unequivocal holding in Cheqnet Systems indicate that it is impermissible to charge a service charge in excess of the $20.00 limit that is established by law. Moreover, the Arkansas Supreme Court has held that the right of a sheriff to collect fees is derived from and dependent upon from statute. In this regard, the court stated:
 A sheriff is not entitled to any compensation except such as is given to him by law and he can recover no compensation or fees where the law provides none. Miller County v. Magee, 177 Ark. 752, 7 S.W.2d 973
(1928).
Campbell v. White, 294 Ark. 656, 658, 746 S.W.2d 42 (1988).
For these reasons, I must conclude that it is impermissible for a sheriff or any other official to charge a service charge in excess of the $20.00 limit that is established by law for the collection of hot checks.
Question 2 — Is it permissible for a sheriff to enter into a contract (inthe amount of $10,900.00) for the services of a county employee tocollect on hot checks while off duty, if that employee's on-duty job isalso to collect on hot checks, and if that employee also administers thehot check fund out of which his off-duty contract is paid?
It is my opinion that contract you have described can be entered into, but only under restricted circumstances.
Various statutory provisions place limitations on the situation you have described.
First, the sheriff is not authorized to contract unilaterally on behalf of the county (other than in the hiring of his own department's employees, see A.C.A. § 14-14-1102(b)(5)(B)(ii)(b)). He will be subject to the county purchasing procedures that are required by law. See
response to Question 3.
Second, the provisions of A.C.A. § 14-14-1202 generally prohibit county employees from having an interest in any contract entered into on behalf of the county. However, that statute also provides for an exception to the general prohibition, if the quorum court should determine that making an exception is in the best interest of the county. More specifically, Section 1202(b)(2)(A) states:
 (A) If the quorum court determines that it is in the best interest of the county, the quorum court may by ordinance permit the county to purchase goods or services directly or indirectly from quorum court members, county officers, or county employees due to unusual circumstances. The ordinance permitting such purchases must specifically define the unusual circumstances under which such purchases are allowed and the limitations of such authority.
* * *
 (C) If goods or services are purchased under these procedures, the county judge must file an affidavit with the county clerk certifying that each disbursement has been made in accordance with the provisions of the ordinance, together with a copy of the voucher and other documents supporting the disbursement.
A.C.A. § 14-14-1202(b)(2)(A) and (C) (emphasis added).
The above quoted statutory sections indicate that in order for the county to enter into a contract for the services of a county employee, two requirements must be met (in addition to the normal county purchasing requirements, see response to Question 3): First, "unusual circumstances" must exist that would justify the contract. Second, the quorum court must determine that the contract is in the best interest of the county, andmust pass an ordinance permitting the contract and outlining the unusual circumstances that justify it. In addition, if a contract of this nature is entered into, the county judge must file with the county clerk an affidavit, as well as a voucher and other supporting documentation, certifying that any disbursement made under the contract was made in accordance with the quorum court's ordinance.
Finally, the situation that you have described would be impermissible if the county employee in question had used his or her influence or position as a county employee, or information acquired as a county employee, to bring it about. County officers and employees are prohibited from using their positions to attain personal gain over and above that which would normally accrue to them as a result of the performance of their duties as county employees. This prohibition is stated in A.C.A. § 14-14-1202(a), as follows:
 The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
A.C.A. § 14-14-1202(a) (emphasis added).
To summarize, then, it is my opinion that the sheriff cannot unilaterally enter into the contract that you have described. Assuming that the required purchasing procedures have been followed (see response to Question 3), such a contract is permissible only if the quorum court determines that unusual circumstances would justify it and passes an ordinance permitting the contract and outlining the unusual circumstances that would justify it — and only if the county employee in question has not used his or her influence or position as a county employee or information acquired as a county employee for the purpose of obtaining the contract. In addition, the county judge must certify that any disbursements made under the contract were made in accordance with the quorum court's ordinance.
Question 3 — Can the sheriff enter into such a contract without takingbids for the job?
It is my opinion that the sheriff cannot enter into such a contract without taking bids for the job.
A.C.A. § 14-22-102 states:
 It is unlawful for any county official to make any purchases with county funds in excess of ten thousand dollars ($10,000) unless the method of purchasing prescribed in this chapter is followed.
A.C.A. § 14-22-102(a).[1]
The method of purchasing that is prescribed requires a system of soliciting and obtaining bids after the provision of notice that meets certain requirements. The prescribed method of purchasing also requires that all bidders be given equal consideration and that contracts be awarded to the lowest responsible bidder. In addition, no contract can be awarded until it has been approved by the county court. For a more in-depth understanding of the method of purchasing that is required of counties, the provisions of A.C.A. §§ 14-22-101 through -115 should be reviewed.
Because the price of the contract that you have described is in excess of $10,000.00, it is subject to the bidding and other requirements of A.C.A. §§ 14-22-101 through -115.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Although some purchases are explicitly exempted from the required bidding procedures, see A.C.A. § 14-22-106, contracts for services such as the one that you have described are not exempted.