The Honorable Tom Wynne, Prosecuting Attorney Thirteenth Judicial District P.O. Box 748 Fordyce, Arkansas 71742
Dear Mr. Wynne:
This official Attorney General opinion is issued in response to certain questions you have presented concerning fees charged by sheriffs.
You have asked:
 (1) Is it permissible for a sheriff to charge and collect a $10.00 "bond fee" from defendants who pay speeding tickets or other traffic citations prior to their first court date?
 (2) Is it permissible for a sheriff to charge and collect a $25.00 "warrant fee" from defendants in hot check cases and other misdemeanor "warrant" cases prior to releasing them on bond?
 (3) If the response to Question 2 is affirmative, must the sheriff turn this money over to the municipal court clerk to be applied towards any ultimate costs which are assessed?
 (4) Does it matter whether the warrants in question were actually served in the traditional sense?
RESPONSE
Question 1 — Is it permissible for a sheriff to charge and collect a$10.00 "bond fee" from defendants who pay speeding tickets or othertraffic citations prior to their first court date?
It is my opinion that it is not permissible for a sheriff to charge and collect a $10.00 "bond fee" from defendants who pay speeding tickets or other traffic citations prior to their first court date.
The Arkansas Supreme Court has held that the right of a sheriff to collect fees is derived from and dependent upon statute. See Campbell v.White, 294 Ark. 656, 746 S.W.2d 42 (1988). In this regard, the court stated:
 A sheriff is not entitled to any compensation except such as is given to him by law and he can recover no compensation or fees where the law provides none.
Campbell v. White, 294 Ark. 656, 658, 746 S.W.2d 42 (1988), citing MillerCounty v. Magee, 177 Ark. 752, 7 S.W.2d 973 (1928).
The only "bond fee" that sheriffs are authorized to charge is the fee for taking and entering bail. See A.C.A. § 21-6-307(15). The phrase "taking of bail" is defined in A.C.A. § 16-84-101. It states in pertinent part:
 "Taking of bail" or "Take bail" means the acceptance by a person authorized to take bail of the undertaking of a sufficient surety for the appearance of the defendant according to the terms of the undertaking, or that the surety will pay to the court the sum specified.
A.C.A. § 16-84-101(5).
Under the terms of the above-quoted definition, the purpose of taking bail is to assure the appearance of the defendant, or to assure that the defendant will pay the specified fine. That is, bail is taken in situations where the defendant is released and does not pay. It is precisely because the defendant does not pay that security for payment is necessary. Such security is clearly unnecessary in a situation in which the defendant pays the fine in advance of the first court date. That payment is its own security in that the defendant forfeits the amount paid if he or she does not appear. Therefore the acceptance of early payment of the fine is not equivalent to the taking of bail. Accordingly, no "bond fee" under A.C.A. § 21-6-307(15) is justified.
All fees that sheriffs are authorized to charge are set forth in A.C.A. § 21-6-307, and it does not mention a fee such as you have described. Moreover, the statute states:
 (f) The fees set forth in this section shall be the sole and exclusive fees to be charged by the sheriffs of the several counties of this state for each of the services enumerated in this section.
A.C.A. § 21-6-307.
Accordingly, I must conclude that sheriffs do not have the authority to charge a fee for the acceptance of a defendant's payment of a fine in advance of the first court date.
Question 2 — Is it permissible for a sheriff to charge and collect a$25.00 "warrant fee" from defendants in hot check cases and othermisdemeanor "warrant" cases prior to releasing them on bond?
It is my opinion that although a "warrant fee" of $25.00 is specifically authorized by A.C.A. § 21-6-307(14), it is not permissible for a sheriff to charge and collect this fee from defendants prior to releasing them on bond.
This office has consistently opined that the fee for service of a warrant cannot be charged until such time as the court has entered a judgment for costs. See Ops. Att'y Gen. Nos. 97-300, 89-241, 89-208. That conclusion is based upon the fact that A.C.A. § 16-90-113, which governs judgments, requires that judgments against defendants include the costs of the officers rendering the service for which the cost was incurred. Because these costs must be included in the entry of judgment, it is impermissible for sheriffs to charge such costs prior to judgment.
Question 3 — If the response to Question 2 is affirmative, must thesheriff turn this money over to the municipal court clerk to be appliedtowards any ultimate costs which are assessed?
Because my response to Question 2 is not affirmative, Question 3 is moot.
Question 4 — Does it matter whether the warrants in question wereactually served in the traditional sense?
It is my opinion that the court's judgment for costs must include only costs for services that were actually rendered. The court therefore cannot enter a judgment for the cost of service of a warrant that was not served.
This conclusion is based upon the fact that A.C.A. § 16-90-113, which authorizes the court to enter a judgment for costs, plainly states that the costs included in the judgment are to be "for the benefit of the officers rendering the service." A.C.A. § 16-90-113 (emphasis added). This language indicates that costs must be charged against the defendant only for services actually rendered. To this extent, then, it does matter whether the warrants in question were actually served.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh